[L. A. No. 13628.  In Bank.—October 26, 1932.]

In the Matter of the Estate of MILLICENT H. OLM-
STEAD, Deceased.  EARLE C. DINGWELL et al.,
Appellants, v. ROBERT M. CLARKE, Special Ad-
ministrator, etc., Respondent.

Arthur J. Mullen and Henry K. Elder for Appellants.

Clarke & Bowker, Don G. Bowker and Dixie Dunnigan for Respondent.

PRESTON, J.—Motion to dismiss appeal. In order to properly review this motion it is necessary to set out the following facts:

The decedent, Millicent H. Olmstead, between the years 1905 and 1923, was possessed of an estate valued at some five or six hundred thousand dollars and was also prolific in the making of deeds and trusts, having set up by a series of deeds what is known as the Walker Trust, designed for the building and maintenance of an institution to be known as the Olmstead Memorial Hospital. She had theretofore made a will, the terms of which are not important here. In August, 1923, she filed an action in her own name to quiet title against the trustees named in said deeds of trust and about the same time she made a second will nominating petitioners herein as executors thereof. Likewise, at the same time, by a series of conveyances and a trust agreement she set up another trust on the same property with the Security Trust and Savings Bank of Los Angeles. In October, 1923, she died and soon thereafter Robert M. Clarke was appointed special administrator of her estate for the purpose of carrying on said litigation and he was substituted in her place as plaintiff in said above-mentioned action. The said bank, however, cross-complained and interpleaded all parties, setting up the validity of the trust made to it. The case was tried in the court below and a judgment was rendered declaring the so-called Walker Trust invalid and upholding the later trust in the bank. In the judgment also Robert M. Clarke was allowed from the trust funds for his attorney's fee the sum of $7,500. Later these petitioners, having qualified as regular executors of the estate of said decedent, were substituted in said litigation in the place and stead of said Robert M. Clarke, special administrator. The cause was later appealed by

the Walker trustees, but neither the special administrator nor the executors thereafter appointed, appealed. The full history of this litigation may be found in *Dingwell* v. *Seymour*, 91 Cal. App. 483 [267 Pac. 327].

Pending said appeal Robert M. Clarke compromised his claim for attorney's fees allowed him by said judgment and received in full settlement thereof the sum of $5,000, which item covered also a waiver of all claims as special administrator. Later the judgment as to the Walker Trust was set aside, being reversed, as was also the portion of the judgment allowing the said attorney's fees. But the reversal of the judgment did not affect the validity of the compromise with Clarke.

Now, by the petition before us, come said executors of decedent's estate, who ask the probate court to compel said Clarke as former special administrator of said estate to account to them for a portion of said item pursuant to section 468 of the Probate Code, which provides that when the same person does not act as special administrator and executor, the commissions and allowances shall be divided between the special administrator and executor in such proportion as the court shall deem just.

An order to show cause issued and was served upon the respondent Clarke, who answered, denying the claims of petitioners. The matter thereupon came on for hearing and upon this alone as a record the petition was denied. Petitioners have attempted to appeal from this order, supported only by the record made as above stated.

This proceeding is difficult to classify under any known method of procedure. ■ If the claim of petitioners in fact comes under section 468, an order made thereunder is not appealable, same not being found in section 1240 of the Probate Code, which, when taken in connection with section 963, subdivision 3 of the Code of Civil Procedure, measures the right of appeal in probate matters. ■ If it be classified as an attempt to discover assets of the estate pursuant to section 615 of the Probate Code, no appeal is allowed from an order made pursuant to that section, its object being to place the executor or administrator in possession of such facts as would authorize a suit on the civil side of the court to restore to the estate the property thereof held by another. ■ Neither is the order in any sense

of the word a proceeding to review an order refusing to allow payment of a debt, claim, legacy or attorney's fee under section 1240 of the Probate Code. `So, under no conceivable aspect of the matter, is this order appealable.

Moreover, on the merits of the matter as shown by the present record, the amount received by Mr. Clarke was from the trust estate by way of compromise and not from the estate of said decedent. In other words, the amount received by him cannot be held to be upon any theory an asset of the estate of decedent.

The appeal is dismissed.

Shenk, J., Waste, C. J., Langdon, J., Curtis, J., Tyler, J., *pro tem.*, and Seawell, J., concurred.