[Civ. No. 12756.   Second Dist., Div. One.   Feb. 26, 1942.]

VETERANS' WELFARE BOARD, Appellant, v. HERMAN LIEBHART et al., Respondents.

Warren H. Atherton and Thomas J. Riordan for Appellant.

O. Benton Worley for Respondents.

DRAPEAU, J. pro tem.—A California veteran of the first World War entered into a contract of purchase and sale of real property with the Veterans' Welfare Board, under the authority of the California Veterans' Welfare Act. The contract was dated July 26, 1923. The down payment was $119.30, and the balance of the purchase price was to be paid in 240 monthly installments of $14.97 each.

On the date of the contract the veteran was married and living with his wife. The down payment was made from

community funds. Subsequent monthly payments were also made from community funds until the veteran and his wife separated in 1936. In 1937 there was an interlocutory decree of divorce, which awarded all community property to the wife, thereafter confirmed by a final decree in 1938. After the separation the wife made all of the monthly payments, and there is no question of default under the terms of the contract.

This action is brought by the Veterans' Welfare Board to quiet title to the property described in the contract of sale, and for declaratory relief.

Upon the facts stated the trial court found the defendant, the former wife of the veteran, to be the sole owner of all of the right, title and interest in the contract of purchase and sale, and quieted title in her, subject to the rights of the Veterans' Welfare Board as provided by the contract. The veteran husband did not appeal. The case comes to this court upon the appeal from the judgment of the superior court by the plaintiff, Veterans' Welfare Board.

On appeal the plaintiff contends, as it did before the superior court: (a) that such rights as the contract granted to the veteran were a gift to him from the State of California, because of the small down payment, the long period of time to pay the balance of the purchase price in monthly installments, and the low rate of interest (5 per cent per annum) on deferred balances of the purchase price; and (b) being a gift to the veteran, the rights under the contract were his separate property, which did not vest in the wife pursuant to the terms of the divorce decree awarding the community property to her.

It needs only to state this contention to demonstrate its impossibility under our California law. Property acquired during marriage is presumed to be community property. (Civ. Code, sec. 164; *Estate of Jolly,* 196 Cal. 547 [238 Pac. 353].) This presumption can only be overcome by clear and satisfactory proof that the property in question was separate property. (*Estate of Rolls,* 193 Cal. 594 [226 Pac. 608].)

To hold that merely because a contract of purchase and sale has a small first payment, or small subsequent payments spread over a long period of time, the property so purchased is separate property, would be to defeat the intent and purpose of the community property laws of this state. An interest rate of 5 per cent per annum in a contract of purchase

of real property is not so low as to make that purchase a gift, and thus take the property purchased out of the purview of our community property laws.

In *Veterans' Welfare Board* v. *Riley,* 188 Cal. 607 [206 Pac. 631], the Supreme Court of California held that a loan made by the Veterans' Welfare Board was not a gift or a loan in violation of sections 31 and 32 of article IV of our Constitution, which sections forbid the gift or loan of the credit or of any money or thing of value of the state. From a careful study of the California Veterans' Welfare Act, the court declared, at page 614: "The general scheme of this statute, then, is to provide for the purchasing and improving of lands and the selling of the same in small parcels to veterans who will become actual settlers, the purchase price to represent the *pro rata* proportion of the actual cost of such land and improvements, the purchase price to bear interest at five per cent per annum and to be compounded if not paid." And at page 616 the court further states: "So far as the purchase and sale of the land is concerned, it is not a gift. If it is not a gift, is it a loan of the credit of the state within the meaning of article IV, sections 31 and 32? The answer is that, so far as the appropriation made is concerned, the state is not lending its credit, but if the arrangement for the purchase and sale of land at all partakes of the nature of a loan it is a loan of money and not of credit."

This decision is decisive of the case now before us.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.