[Civ. No. 18578. Second Dist., Div. Two. Dec. 11, 1951.]

Estate of VIRGINIA FAIR DURHAM, Deceased. WILLIAM C. DURHAM, as Executor, etc., Appellant, v. AUBREY IVAN MOORE, Respondent.

Lee Combs for Appellant.

Eugene J. Landau and Newell & Chester for Respondent.

McCOMB, J.—These are appeals by William C. Durham as executor of the estate of Virginia Fair Durham, decedent, and William C. Durham, individually, from an order of the probate court:

1. Determining heirship;

2. Setting apart a recorded homestead;

3. Fixing an allowance of attorneys' fees for extraordinary services; and

4. A purported appeal from the order appointing appraisers to appraise certain property upon which decedent had declared a homestead.

1. *The appeal from a decision of the probate court on the petition to determine heirship.*

*Question: Was there substantial evidence to sustain the probate court's findings that (a) three separate parcels of real property standing in the name of decedent at the time of her death were her separate property, and (b) two bank accounts standing in decedent's name at the time of her death were community property?*

*Yes.* ■ An appellate court will view the evidence in the light most favorable to respondent, will not weigh the evidence, will indulge all intendments which will sustain the finding of the trier of fact, and will not disturb such finding if there is substantial evidence in support thereof. (*Estate of Isenberg*, 63 Cal.App.2d 214, 216 [2] [146 P.2d 424].)

Applying the foregoing rule to the evidence as disclosed by the record in the instant case we find:

(a) The title to the real property in question was deeded to decedent by a written instrument as her separate property. Appellant concedes this in his brief by saying, "The only evidence of any kind or character on this subject was the presumption established by the deed in each of the three parcels and a declaration in a will drawn in 1933 at a time when decedent and appellant owned only one of the three parcels involved." This property was taken in decedent's name as her sole and separate property for the purpose of avoiding and defrauding her husband's creditors.

■ Regardless of the source or character of the consideration, property deeded to a wife by an instrument in writing is presumed to be her separate property. (Civ. Code § 164; *Estate of Nelson*, 104 Cal.App. 613, 620 [8] [286 P. 439]; *Donze v. Donze*, 88 Cal. App. 769, 772 [1] [264 P. 294].)

■ Under the foregoing rule the evidence recited constituted substantial evidence to sustain the probate court's finding that the real property standing in decedent's name at the time of her death was her separate property and not community property.

No useful purpose would be subserved by setting forth evidence of appellant which would lead to a contrary conclusion. ■ Neither is there any merit in appellant's contention that decedent held the property in trust for him since the evidence disclosed that he conveyed the property to his wife for the purpose of defrauding his creditors. He may not now successfully contend that he was the beneficial owner of the property. ■ Since the deeds were tainted with his fraud he may not avoid them. (*Saint* v. *Saint*, 120 Cal.App. 15, 22 [2] [7 P.2d 374].)

■ (b) The evidence disclosed that a commercial account in the sum of $7,419.41, and a savings account in the sum of $7,134.71, both standing in decedent's name at the time of her death were acquired by her after her marriage and were therefore presumed to be community property. (Civ. Code, § 164; *Veterans' Welfare Board* v. *Liebhart*, 50 Cal.App.2d 179, 180 [1] [122 P.2d 693].) Hence the probate court's finding was sustained by this evidence. Again it is to be noted that evidence of appellant to the contrary must be disregarded by this court. ■ Mr. Presiding Justice Nourse in *Wright* v. *Delta Properties, Inc.*, 79 Cal.App.2d 470, 476 [2] [180 P.2d 57], thus succinctly states the rule: ". . . the credibility of a witness and the weight to be accorded his testimony are questions directed to the trial judge, which under proper circumstances may accept all or such part of the testimony of any witness as he believes to be true, or may reject all or any part which he believes to be untrue."

2. *The appeal from the order setting apart a recorded homestead.*

■ Decedent had as owner during her lifetime declared a homestead on a lot known as the Comstock property which was her separate property. It was appraised at $27,500 in the inventory of the estate but was sold during administration for $29,750. As it was appraised at a figure in excess of the homestead exemptions, the property was appraised as of February 24, 1941, pursuant to the provisions of section

664 of the Probate Code[1]. Therefore the probate court properly awarded appellant on account of the declaration of homestead the amount of the homestead exemption. (*Bell* v. *Wilson*, 172 Cal. 123, 126 [155 P. 625].)

█ Likewise the probate court did not err in failing to take into account the amount of a mortgage on the homesteaded property since the existence of a mortgage on a homestead is not to be considered in ascertaining its value. (*Tiernan* v. *His Creditors*, 62 Cal. 286, 289.)

3. *The appeal from the order allowing attorneys' fees for extraordinary services.*

Appellant's attorney sought extraordinary fees in the sum of $450. The probate court allowed only $250. █ The amount of attorney's fees to be allowed for extraordinary services in connection with the settlement of an estate is a matter to be left to the sole discretion of the probate court whose judgment, in the absence of a showing of an abuse of discretion, will not be disturbed on appeal. (*Estate of Mc-Donald*, 37 Cal.App.2d 521, 527 [6] [99 P.2d 1115].)

In the instant case there is a total absence of any showing that the probate court abused its discretion. Therefore this court is bound by the finding that $250 was a reasonable attorney's fee for the extraordinary services performed on behalf of the estate.

4. *The purported appeal from an order appointing appraisers to appraise certain property upon which decedent had declared a homestead.*

---

[1]Section 664 of the Probate Code reads:

"If the homestead selected and recorded prior to the death of the decedent is returned in the inventory appraised at not over the amount of the homestead exemption, or was previously appraised as provided in the Civil Code and such appraised value did not exceed that sum, the court shall order it set apart to the persons in whom title is vested by the preceding section. If it is returned in the inventory appraised at more than the amount of the homestead exemption, the appraisers must, before they make their return, ascertain and appraise the value of the homestead at the time the same was selected, and if such value exceeds the amount of the homestead exemption, or if the homestead was appraised as provided in the Civil Code and such appraised value exceeded that sum, the appraisers must determine whether the premises can be divided without material injury, and if they find that they can be thus divided, they must admeasure and set apart to the parties entitled thereto such portion of the premises, including the dwelling-house, as will amount in value to the sum of the amount of the homestead exemption, and make report thereof, giving an exact description of the portion set apart as a homestead."

■ Only the orders listed in section 1240 of the Probate Code are appealable.[2]  (*Estate of Olmstead*, 216 Cal. 585, 587 [1] [15 P.2d 495].)

An order appointing appraisers is not listed in this section. Therefore the order is not appealable and the purported appeal will be dismissed.

The orders 1, 2 and 3 are affirmed and the purported appeal from the order appointing appraisers is dismissed.

Moore, P. J., concurred.

The petitions for a rehearing were denied December 26, 1951, and January 2, 1952.

Appellant's and respondent's petitions for a hearing by the Supreme Court were denied February 7, 1952.

---

[2]Section 1240 of the Probate Code reads:

"An appeal may be taken to the Supreme Court from an order granting or revoking letters testamentary or of administration; admitting a will to probate or revoking the probate thereof; setting aside an estate claimed not to exceed two thousand five hundred dollars in value; setting apart property as a homestead or claimed to be exempt from execution; confirming a report of an appraiser or appraisers in setting apart a homestead; granting or modifying a family allowance; directing or authorizing the sale or conveyance or confirming the sale of property; settling an account of an executor or administrator or trustee, or instructing or appointing a trustee; instructing or directing an executor or administrator; directing or allowing the payment of a debt, claim, legacy or attorney's fee; determining heirship or the persons to whom distribution should be made or trust property should pass; distributing property; refusing to make any order heretofore mentioned in this section; or fixing an inheritance tax or determining that none is due."