[L. A. No. 23018. In Bank. Aug. 2, 1955.]

Estate of MAX L. SCHECHTMAN, Deceased. HAROLD S. STONE, as Executor, etc., Appellant, v. DR. ABRAHAM SCHECHTMAN et al., Respondents.

Nathan L. Schoichet for Appellant.

Harry A. Franklin for Respondents.

SHENK, J.—This is a purported appeal by the widow of Max L. Schechtman from an order refusing to compel the coexecutors of his estate to inventory alleged additional assets of the estate.

Max L. Schechtman died in February, 1952, survived by his widow, Frances B. Schechtman, and three sons by his prior marriage, two of whom, Dr. Abraham Schechtman and Leo Schechtman, are coexecutors of his estate. A will executed in 1948 provided for the transfer of certain items of personal property to the widow and recognized her one-half interest in all community property. It provided that the other half interest was to be transferred to Abraham Schechtman and Leo Schechtman. In October 1952, after the will and an inventory and appraisement of the assets of the estate had been filed by the executors, the widow filed a petition seeking to compel the executors to inventory additional items as assets of the estate. Her petition was filed pursuant to section 613 of the Probate Code, which provides in part: "Upon complaint made under oath by an executor, administrator, or other person interested in the estate of a decedent, that any person is suspected of having embezzled, concealed, smuggled or fraudulently disposed of any property of the decedent, or has in his possession or has knowledge of any deed, conveyance, bond, contract or other writing, which contains evidence of or tends to disclose the right, title, interest or claim of the decedent to any real or personal property, . . . the court or judge may cite the suspected person to appear before the court, and may examine him on oath upon the matter of such complaint. . . ." Section 614 provides means of enforcing rights established as provided in section 613, and section 615 permits a complainant to proceed in a similar manner against one with whom assets of an estate have been entrusted.

The widow alleged in her petition that in addition to the items inventoried the decedent owned interests in four other specific parcels of real property, then in the possession of the decedent's sons and their wives and the decedent's brother and his wife. She also asserted that the decedent owned interests in the proceeds derived from sales of nine other identified parcels of real property; that all of those transfers took place during her marriage to the decedent, and that the proceeds therefrom were presently in the hands of various members of the decedent's family and other persons known and unknown. Other items of property not identified were alleged to be in the possession of persons known and unknown

and, within the knowledge of the executors, were alleged to be owned in part by the decedent. All of the foregoing interests of the decedent were claimed to be community property.

Pursuant to citations the executors and others appeared and a hearing was had on the petition. Based on findings of fact the court concluded that two bank accounts should be inventoried, but that there was insufficient evidence to show color of title in the decedent or his estate to warrant inclusion in the inventory of other properties as alleged in the petition. The order appealed from was accordingly entered.

The determining question first to be considered relates to the appealability of the order.      A proceeding under sections 613, 614 and 615 of the Probate Code is in the nature of a bill of discovery to aid executors and others interested in the estate in locating and inventorying assets of an estate. (*Levy* v. *Superior Court*, 105 Cal. 600 [38 P 965, 29 L.R.A. 811]; *McCarthy* v. *Superior Court*, 64 Cal.App.2d 468, 471 [149 P.2d 55].) The petition in the present case was entitled "Petition to Compel Executors to Inventory Additional Assets of Decedent's Estate." Counsel for the petitioner asserted upon inquiry by the court that the proceeding was commenced pursuant to section 613 et seq. of the Probate Code, and the matter was treated as such throughout the hearing. The court, in its findings of fact, referred to the matter as "discovery proceedings."      The power of the court in such a proceeding ends with the discovery of the property and the enforcement of the remedial provisions of the statute (*Koerber* v. *Superior Court*, 57 Cal.App. 31, 34 [206 P. 496].) ⬛ Jurisdiction to try a question of title is not invoked by a petition brought under section 613.      The court in the exercise of its probate jurisdiction has the power to try a question of title only as between the estate and certain persons interested in the disposition of the estate (*Central Bank* v *Superior Court*, ante, p. 10 [285 P.2d 906]; *Ex parte Casey*, 71 Cal. 269 [12 P. 118]; *Estate of Escolle*, 134 Cal.App. 473, 476 [25 P.2d 860]), and even then such jurisdiction is not necessarily exclusive. (*Schlyen* v. *Schlyen*, 43 Cal.2d 361, 374 [273 P.2d 897].) In the present case the court recognized the limitations of its jurisdiction in probate, stating in its order for the inventory of the additional items of property that the inclusion thereof should be subject "to the rights of any person to set up and have adjudicated in a proper proceeding and in a Court of competent jurisdiction any claim of title thereto or for the possession thereof."

■    Appeals which may be taken from orders in probate proceedings are set forth in section 1240 of the Probate Code. The section does not expressly provide for an appeal from an order relating to the discovery of property to be inventoried. The courts have consistently held that appeals in probate matters are limited to those expressly provided by statute. In *In re Ohm*, 82 Cal. 160 [22 P.2d 927] the court stated at page 162 that a matter then before it "certainly is a 'probate matter.' . . . The constitution provides that 'the supreme court shall have appellate jurisdiction. . . . in all such probate matters as may be provided by law.' (Art. 6, § 4.) The only provisions of law, as to appeals in probate matters, are contained in the third subdivision of section 963 of the Code of Civil Procedure [now in substance, Prob. Code, § 1240], in which is to be found no provision for an appeal from such an order as that appealed from in this case." (To the same effect see *Estate of Brady*, 32 Cal.2d 478, 479 [196 P.2d 881]; *In re Walkerly*, 94 Cal. 352, 353 [29 P. 719]; *Estate of Wood*, 117 Cal.App.2d 132, 133 [254 P.2d 940]; *Estate of Durham*, 108 Cal.App.2d 148, 153 [238 P.2d 1057]; *Estate of Thompson*, 61 Cal.App.2d 188 [142 P.2d 337]; *Guardianship of Morro*, 36 Cal.App.2d 623, 627 [98 P.2d 552].)    ■    More specifically it has been held that there is no right of appeal from an order made pursuant to the discovery provisions of the Probate Code. In *Estate of Olmstead*, 216 Cal. 585, this court stated at page 587 [15 P.2d 495]: "This proceeding is difficult to classify under any known method of procedure. . . . If it be classified as an attempt to discover assets of the estate pursuant to section 615 of the Probate Code, no appeal is allowed from an order made pursuant to that section, its object being to place the executor or administrator in possession of such facts as would authorize a suit on the civil side of the court to restore to the estate the property thereof held by another."

■    The widow asserts that the proceeding in the present case may properly be construed as one for instructions to the executors. Section 588 of the Probate Code provides that "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate. . . ." Section 1240 of the Probate Code provides for an appeal from an order "instructing or directing an executor or administrator," and it is argued that this constitutes authority for the appeal in the

present case. This argument may not prevail for several reasons. As stated, at the hearing counsel for the petitioner, in response to an inquiry by the court as to the nature of the proceeding, stated that it had been commenced pursuant to section 613 of the Probate Code. The matter was treated throughout and regarded by the litigants and the trial court as a "discovery proceeding." It was not commenced "on petition of the executor" as required by section 588 but by the widow, a "person interested in the estate" as provided by section 613. The prayer of the petition was for the examination of numerous individuals other than the coexecutors and citations issued accordingly. To treat the matter now as a petition for instructions rather than for discovery would constitute a total disregard of the true nature of the proceeding involved. ▉ It is undoubtedly true that under many probate orders an executor or administrator necessarily will or is expected to take some action pursuant thereto. But that in itself does not constitute the order as one "instructing or directing an executor or administrator." Such an order is a part of a well recognized special proceeding in probate. It is the resulting order that is specially made appealable by section 1240.

In this connection the appellant further contends that the decisions which have established the rule that orders pursuant to section 613 are not appealable, and in particular the decision in *In re Ohm* (1889), *supra*, 82 Cal. 160, are no longer controlling in view of the amendment to section 1240 in 1935 to include for the first time an appeal from an order "instructing or directing an executor or administrator." (Stats. 1935, p. 1972.) At the time of the decisions in those cases, section 1240 did not provide for an appeal from an order instructing an executor, and it is argued that if such an appeal had been available the courts would have construed the proceedings as for the instruction of executors. There is nothing in those cases to indicate that such a construction would have been approved by the courts. It appears that in the same year that section 1240 was amended to include appeals from orders instructing an executor, section 588 of the Probate Code was added (Stats. 1935, p. 1973), making it possible for the first time for an executor to petition for instructions. It is clear that the change in section 1240 was enacted to accommodate orders made pursuant to section 588.

What the widow really seeks on her appeal is to have this court establish an exception to the general rule that the only

appealable orders in probate are those provided for by statute. Such an exception, she asserts, are orders in which a party litigant in a probate proceeding has an interest adversely affected by an order therein. There is in the cases no authoritative recognition of such an exception. Cases relied on are those in which the question presented was whether the appellant therein was the proper party to take an appeal from an order admittedly appealable. (*Estate of Bradley*, 168 Cal. 655 [144 P. 136] ; *Estate of Leonis*, 138 Cal. 194 [71 P. 171] ; *In re Welch*, 106 Cal. 427 [39 P. 805] ; *Estate of Mesner*, 99 Cal.App.2d 319 [221 P.2d 740].) No question was raised in those cases as to the appealability of the order, and the decisions must be so limited.

The appellant contends that the appeal should be decided on its merits regardless of appealability, and cites as authority *Estate of Emerson*, 139 Cal.App. 571 [34 P.2d 800]. In that case the court expressed approval of an objection that the order was not included in section 1240 and was not appealable but nevertheless considered the issues and concluded that the appeal was without merit. The court affirmed the order and the appellant took nothing regardless of the ground on which the court chose to place its decision. Such a result in the present case would be inconsistent with the appellant's demands. would permit her on this appeal to seek a reversal in contravention of the statute and decided cases, and would put the court in the position of usurping the function of the Legislature in providing for appeals in probate matters in accordance with the constitutional provision. (Art. VI, § 4.)

Although the order is reviewable on an appeal from a final judgment entered in the proceedings (Code Civ Proc., § 956), it is concluded from the foregoing that it is not one from which an appeal may be directly taken.

The appeal is dismissed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.