[Civ. No. 33318.   Second Dist., Div. Two.   Jan. 27, 1969.]

Estate of EVELYN J. WEBB, Deceased. MADELINE NORRIS, Plaintiff and Appellant, v. ROBERT H. WEBB, as Administrator With the Will Annexed, etc., Defendant and Respondent.

Jerry B. Riseley for Plaintiff and Appellant.

Clarke & Swink and Dickinson Thatcher for Defendant and Respondent.

ROTH, P. J.—Madeline Norris, the decedent's stepdaughter, a legatee in decedent's will, appeals from an order denying her petition for instructions to the administrator with the will annexed, Robert H. Webb, husband of the decedent, named as legatee on June 23, 1967.

After the will had been admitted to probate and letters issued on June 23, 1967 to Robert H. Webb, a dispute arose between Madeline and the estate and the administrator in his individual capacity in respect of title to certain property held in joint tenancy by the decedent and Robert H. Webb.

Prior to the filing of the estate inventory, Madeline, apparently with knowledge that the joint tenancy property had been omitted, filed a "PETITION BY LEGATEE FOR INSTRUCTIONS TO ADMINISTRATOR CTA TO CAUSE ADMINISTRATOR CTA TO BE INSTRUCTED TO INVENTORY CERTAIN REAL PROPERTY AND TO DETERMINE TITLE TO SAID REAL PROPERTY AS BETWEEN ESTATE AND ADMINISTRATOR CTA IN HIS INDIVIDUAL CAPACITY AND FOR OTHER RELIEF." The petition prayed that the court instruct the administrator to include the joint tenancy real property as property of the estate, determine that the joint tenancy grant deed theretofore held by Evelyn and Robert H. Webb is null and void, or in the alternative, that Robert H. Webb as an individual holds title in trust for the estate of Evelyn Webb.

The court denied the petition, holding that the relief sought was available only by the legal representative of the estate.

The court signed an order stating, ". . . that a Petition for Instructions authorized by Section 588 of the California Probate Code[1] may be properly brought by an Executor or Administrator but not a Legatee as such; and that an issue of title may not be tried in the Probate Court as between an Administrator C.T.A. and an alleged legatee."

██ Appellant asserts that the reference to "Executor or Administrator" in Probate Code, section 588, is directory only and not mandatory.

Our Supreme Court in *Estate of Schechtman,* 45 Cal.2d 50 [286 P.2d 345], takes a contrary view. In *Schechtman,* the widow of decedent filed a petition under section 613 of the Probate Code seeking to compel the executors to inventory additional items as assets of the estate. The petition was denied. The court dismissed the appeal upon the grounds that section 1240 of the Probate Code does not authorize an appeal from an order relating to discovery of property to be inventoried. The widow asserted that the proceeding could be construed as one for instructions for the executors. The court said at page 55: "This argument may not prevail for several reasons. As stated, at the hearing counsel for the petitioner, . . . stated that it had been commenced pursuant to section 613 of the Probate Code. The matter was treated throughout and regarded by the litigants and the trial court as a 'discovery proceeding.' It was not commenced 'on petition of the executor' as required by section 588 but by the widow, a 'person interested in the estate' as provided by section 613." 2 Condee, California Probate Practice (1964 ed.) section 1131 states: "Only the executor or administrator is privileged to file a petition for instructions. No other person interested in the estate may do so."

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 26, 1969.

---

[1]"In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof. Notice of the hearing of such petition shall be given for the period and in the manner required by section 1200 of this code. (Added Stats. 1935, ch. 724, § 10, p. 1973.)"