[Civ. No. 58561. Second Dist., Div. Four. May 23, 1980.]

Estate of GEORGE W. DOWNING, JR., Deceased.
DOROTHY SWEET DOWNING et al., Petitioners and
Respondents, v.
MICHAEL DOWNING, Citee and Appellant.

COUNSEL

Zetterberg & Zetterberg, Stephen I. Zetterberg and Funglan Persimmon for Citee and Appellant.

Allard, Shelton & O'Connor and Maurice O'Connor for Petitioners and Respondents.

OPINION

**FILES, P. J.**—The matter to be decided is a motion to dismiss an appeal by a citee from an order of the probate court denying a request for an award of expenses under Probate Code section 613.[1] ▮ We have concluded that the order is not appealable.

---

[1]Probate Code section 613: "Upon complaint made under oath by an executor, administrator, or other person interested in the estate of a decedent, that any person is suspected of having embezzled, concealed, smuggled or fraudulently disposed of any property of the decedent, or has in his possession or has knowledge of any deed, conveyance, bond, contract or other writing, which contains evidence of or tends to disclose the right, title, interest or claim of the decedent to any real or personal property, or any claim or demand, or any lost will, the court or judge may cite the suspected person to

The decedent and his son, the appellant, were attorneys, associated in a law practice. On October 27, 1978, one of the executrices of the estate filed a petition in the probate court alleging that she suspected that appellant had in his possession writings and assets belonging to the estate; and that he had failed to account to the executrices for those papers and properties. The court thereupon issued a citation requiring appellant to appear in court to be examined under oath.

On November 29, 1978, appellant appeared personally and with counsel. Appellant and one other person were examined under oath, after which, on motion of appellant's counsel, the citation was dismissed without prejudice.

On December 14, 1978, appellant filed a notice of motion for an order directing the executrices "to pay his expenses, including $1,120 for his time and work, and including $1,380 for the work of Zetterberg & Zetterberg, plus any additional expenses, including expenses of this motion and appearing in court thereon, pursuant to the last sentence of Probate Code section 613."

The hearing on that motion, January 5, 1979, consisted entirely of colloquy of the court and counsel. In the course of that discussion the court characterized its decision at the November hearing as follows:

"THE COURT: ...But if I recall the last hearing, didn't we spend about 98 percent of the time dealing on who should be the successor executor-administrator?

"MR. ZETTERBERG: That's true.

"THE COURT: And then out of hand, I dismissed the other petition?

"MR. ZETTERBERG: That's correct.

"THE COURT: On the grounds I thought it was premature at best, plus the assurance I had that counsel would cooperate based on the hand drawn accounting which that day had been delivered?

---

appear before the court, and may examine him on oath upon the matter of such complaint. If such person is not in the county where letters issued, he may be cited and examined before the superior court either of the county where he is found, or of the county where letters issued. But if he appears and is found innocent, his necessary expenses must be allowed him out of the estate."

"MR. ZETTERBERG: That's true."

Following that hearing the matter was submitted, and on January 9, 1979, the court made the following minute order: "The motion is denied without prejudice to renewal with respect to work done if further motion under P.C. 613 is initiated by Executors against the moving party."

This is the order from which the citee has appealed.

The nature and function of a proceeding under Probate Code section 613 was explained in *Estate of Schechtman* (1955) 45 Cal.2d 50 [286 P.2d 345]. That was an appeal from an order refusing to compel the executors to inventory alleged assets of the estate. The court said at page 53: "A proceeding under sections 613, 614 and 615 of the Probate Code is in the nature of a bill of discovery to aid executors and others interested in the estate in locating and inventorying assets of an estate. [Citations.] The petition in the present case was entitled 'Petition to Compel Executors to Inventory Additional Assets of Decedent's Estate.' Counsel for the petitioner asserted upon inquiry by the court that the proceeding was commenced pursuant to section 613 et seq. of the Probate Code, and the matter was treated as such throughout the hearing. The court, in its findings of fact, referred to the matter as 'discovery proceedings.' The power of the court in such a proceeding ends with the discovery of the property and the enforcement of the remedial provisions of the statute. [Citation.] Jurisdiction to try a question of title is not invoked by a petition brought under section 613."

Since the *Schechtman* decision the Legislature has enacted Probate Code section 851.5 which, as amended in 1972, gives the probate court jurisdiction to decide title and other interests in property as between the estate and strangers to the estate. An order adjudicating the merits of a claim under section 851.5 is appealable under section 1240 of the Probate Code. But the record here clearly establishes that the November 29, 1978, proceeding did not invoke the court's jurisdiction under section 851.5. That proceeding was purely for the purpose of discovery, as authorized by section 613, and the probate court did not decide whether or not appellant was improperly withholding any property of the estate.

Under section 613 the probate court is authorized to allow the expenses of the citee only "if he appears and is found innocent." Appellant did appear, but the court dismissed the proceeding without making any finding whether or not he was "innocent." (Cf. *McCarthy v. Superior*

*Court* (1944) 64 Cal.App.2d 468, 471 [149 P.2d 55].) Appellant's application for an allowance of expenses was, at best, premature.

We now reach the question whether the minute order of January 9, 1979, denying that premature application without prejudice is appealable. Appeals which may be taken from orders in probate proceedings are set forth in section 1240 of the Probate Code, and its provisions are exclusive. (*Estate of Bissinger* (1964) 60 Cal.2d 756, 759 [36 Cal.Rptr. 450, 388 P.2d 682, 19 A.L.R.3d 506]; *Estate of Moore* (1974) 43 Cal. App.3d 334, 341 [117 Cal.Rptr. 571]; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 95, p. 4102.) We find nothing in section 1240 which authorizes the attempted appeal from the January 9, 1979, order. (Cf. *Estate of Olmstead* (1932) 216 Cal. 585, 587 [15 P.2d 495]; *Estate of Schechtman, supra*, pp. 54-56.)

Under the circumstances presented here it is unnecessary for us to express an opinion as to what may be the appropriate procedure for allowing expenses in the event that appellant is eventually "found innocent," or as to the appealability of such a decision when and if made.

The appeal is dismissed.

Kingsley, J., and Woods, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1980.