Filed 4/14/14

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GEORGETTE KALENIAN et al., | B248228 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BP120314) |
| v. | |
| GEORGE ELIAS INSEN, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Roy L. Paul, Judge. Reversed and remanded with directions.

Osborn Law, Richard G. Osborn and Blair J. Berkley for Plaintiffs and Appellants.

MacLean Chung Law Firm and Graham Thomas MacLean, Jr., for Defendants and Respondents.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part III (B).

# I. INTRODUCTION

Plaintiffs, Georgette Kalenian, Ida Reza, Elizabeth Van Item and Alex Tony Insen (Alex), [1] appeal from an order denying their motion to vacate two December 15, 2011 dismissal orders. Plaintiffs filed a Probate Code[2] section 17200 petition seeking to replace defendant, George Elias Insen (George),[3] as trustee of the Elias George Insen Separate Property Trust and determine the trust's construction. On December 15, 2011, Judge Mitchell L. Beckloff dismissed plaintiffs' section 17200 petition and default prove-up request without prejudice. This dismissal resulted in plaintiffs being barred under the statutes of limitations from securing section 17200 relief. Plaintiffs contend they had no notice of Judge Beckloff's December 15, 2011 dismissal orders until October 29, 2012. On January 15, 2013, plaintiffs filed a Code of Civil Procedure section 473, subdivision (b) motion to vacate the December 15, 2011 dismissal orders. Plaintiffs argued they were entitled to Code of Civil Procedure section 473, subdivision (b) mandatory and discretionary equitable relief. On February 26, 2013, Judge Roy L. Paul denied plaintiffs' motion as untimely filed. In the published portion of the opinion, we hold plaintiffs may appeal the denial of the motion for relief from Judge Paul's order denying their motion to vacate. In the unpublished portion of the opinion we conclude plaintiffs are entitled to equitable relief from the December 15, 2011 orders. Thus, we reverse the orders under review.

---

[1] Several of the parties have the same surname. First names will be used to differentiate them. No disrespect is intended.

[2] Future statutory references are to the Probate Code unless otherwise noted.

[3] George and Juliet Ainian are named as defendants. However, Ms. Ainian was a necessary party in this action and no allegation of wrongdoing was made against her. Further references to a defendant are to George.

## II.  BACKGROUND

### A.  The Elias George Insen Trust

Elias George Insen (Elias) had six children—Ms. Kalenian, Ms. Reza, Ms. Van Item, Alex, Juliet Ainian, and George.  On June 23, 1999, Elias executed a written declaration of revocable living trust (the trust).  The trust property included:  property located at 1175 North Edgemont Street in Los Angeles (the Edgemont property); 50 percent of the property and a business, George's Auto Repair, located at 3655 West Pico Boulevard (the Pico property); a Washington Mutual savings account; a Washington Mutual checking account; and a 1984 Lincoln Continental.  On July 21, 1999, Elias conveyed his interest in the Edgemont property to the trust.

Trust Article 1.023, concerning distribution of the trust balance, provides:  "Upon the death of the Grantor [Elias], the Trustee hereof is directed to make the following specific distributions:  [¶]  [Alex], [the Edgemont property] . . . .  [George] is to continue to pay fifty percent (50%) of the outstanding mortgage payments on these properties.  However, if [Alex] refinances these properties, then [George] is no longer obligated to pay fifty (50%) of the mortgages.  [¶]  [George], business (George's Auto Repair) . . . .  [¶]  The balance of the Trust Estate shall be distributed to the following individuals, upon the principle of representation ([i]f one of the beneficiaries of [Elias] dies, then his or her share will go equally to his or her then surviving issue.  If no surviving issue exists, then distribute such deceased beneficiary's share equally among the surviving beneficiaries[]), in the following percentages:  [¶]  [Ms. Kalenian]  25%  [¶]  [Ms. Ainian]  25%  [¶]  [Ms. Reza] 25%  [¶]  [Ms. Van Item] 25%."

On May 8, 2003, George caused Elias to execute an "Amendment No. 1 to [the trust] dated June 23, 1999 . . . ."  The trust amendment provided that defendant was to receive the Edgemont property.  Defendant also caused Elias to execute a quitclaim deed conveying an undivided one-half interest in the Pico property to defendant.

3

Elias died on May 23, 2003. Defendant succeeded Elias as trustee of the trust. On December 19, 2003, defendant conveyed the Edgemont and Pico properties to himself. Defendant sold the Edgemont property and retained the sale proceeds.

## B. Civil Action

On May 5, 2006, plaintiffs filed a civil action to cancel the trust amendment and quitclaim deed and for misappropriation damages of the trust's real property. (*Kalenian v. Insen* (Super. Ct. L.A. County, 2009, No. BC351977).) Plaintiffs argued defendant used undue influence to acquire the trust amendment and quitclaim deed. On December 17, 2008, Judge Richard L. Fruin, Jr., issued the statement of decision. Judge Fruin found defendant obtained the trust amendment and quitclaim deed through undue influence and cancelled them. Judge Fruin also found defendant wrongfully misappropriated and sold the Edgemont property and awarded $743,225.51 in damages to Alex. Judge Fruin did not rule on the ownership of the Pico property, deeming it within the probate court's exclusive jurisdiction. On August 3, 2009, plaintiffs and defendant entered into a written settlement agreement. Under the terms of the settlement agreement: defendant agreed to resign as trustee; ownership of the Pico property would be determined by the probate court in an action filed by plaintiffs no later than December 31, 2009; and for statute of limitations purposes, plaintiffs' claims regarding the Pico property would be deemed filed on January 30, 2009.

## C. Probate Action

On December 30, 2009, plaintiffs filed their section 17200 petition. It is this petition that was dismissed without prejudice on December 15, 2011 by Judge Beckloff. Plaintiffs allege defendant should be denied any trust benefits. On March 2, 2011, plaintiffs filed an amended section 17200 petition.

On November 19, 2010, defendant filed a section 850 petition to determine ownership of the Pico property. On May 13, 2011, plaintiffs filed a summary judgment motion regarding defendant's section 850 petition. On August 16, 2011, Judge Beckloff granted plaintiffs' summary judgment motion thereby resolving the section 850 petition. The order granting summary judgment was filed on December 22, 2011. Judge Beckloff also scheduled a default prove-up hearing pursuant to Code of Civil Procedure section 585 for September 27, 2011.

At the August 16, 2011 hearing, Judge Beckloff raised an issue concerning proof of personal service of presumably the section 17200 petition on George. The following transpired: "THE COURT: . . . I have two notes with regard to your petition, which is, I don't have personal service on George . . . . So I don't know if you have that with you. [Plaintiff's counsel, Richard G.] OSBORN: I don't. [¶] THE COURT: And the notice didn't have the right to answer legend on it. [¶] So I think -- do you have those items? [¶] MR. OSBORN: No, Your Honor. I just have the conformed first amended petition with me. [¶] Obviously, counsel for [George] has been here on a number of occasions. So to the extent that there's any problem with service, it seems to me that that's been waived by general appearance. [¶] THE COURT: I guess -- why don't we do this, Mr. Osborn[?] Why don't I set it for a default prove-up[?] You can submit a new notice, just so that we're clear." Judge Beckloff also gave Mr. Osborn additional time to file further evidence: "So if you needed to submit anything additional, you can submit it for the default prove-up date. . . . I'll deem it submitted on the default prove-up that day. [¶] And if [George] shows up, then I'll have to figure out why we don't have a response."

On August 29, 2011, plaintiffs' counsel, Mr. Osborn, wrote a letter to defendant's attorney, Mr. Emerson, offering to stipulate to set aside default against defendant. On September 9, 2011, Mr. Osborn filed an ex parte application to continue the default prove-up hearing. Judge Beckloff continued the default prove-up hearing to December 15, 2011.

5

On December 12, 2011, plaintiffs filed their evidence in support of default judgment. Mr. Osborn declared that on December 12, 2011, his paralegal, Heather Schourup, contacted the probate court to advise that a mediation was scheduled. Ms. Schourup requested the default prove-up hearing be taken off calendar pending completion of the mediation. Ms. Schourup's declaration states, "The clerk, who was very cooperative, agreed to take the hearing off calendar."

On December 15, 2011, Judge Beckloff denied without prejudice plaintiffs' default prove-up and their section 17200 petition. Judge Beckloff's oral pronouncement was, "Both matters denied without prejudice." Mr. Osborn believed, based on being informed by Ms. Schourup, that the default prove-up hearing had been taken off calendar. The clerk served no notice from December 15, 2011 through 2012 regarding Judge Beckloff's ruling.

On February 29, 2012, the California State Bar suspended Mr. Emerson. In March 2012, Mr. Osborn first learned of Mr. Emerson's suspension. David I. Karp, the mediator, later cancelled the mediation because of Mr. Emerson's suspension. On May 13, 2012, Mr. Osborn filed a motion to recuse Mr. Emerson. On July 10, 2012, Judge Beckloff granted the motion and the order was filed on August 6, 2012.

On July 13, 2012, Mr. Osborn wrote a letter to defendant seeking to reschedule the mediation. Defendant then retained G. Thomas MacLean as counsel. On September 7, 2012, Mr. MacLean wrote to Mr. Osborn, "My office has been retained by George . . . in the above matter, and I am also sending with this letter a copy of the substitution of attorney form[.]" On October 4, 2012, Mr. MacLean requested Mr. Osborn cancel the October 9, 2012 mediation. Mr. Osborn first discovered the section 17200 petition was dismissed on October 29, 2012.

On January 15, 2013, plaintiffs filed their motion for an order vacating the December 15, 2011 orders. The motion to vacate the December 15, 2011 orders was based upon the attorney neglect provisions of Code of Civil Procedure section 473, subdivision (b) and the probate court's equitable powers. On February 26, 2013, Judge Paul denied the motion as untimely filed. Judge Paul found the motion was filed past the

6

six-month time limit. Judge Paul also found plaintiffs were not diligent in filing their motion. Plaintiffs filed their notice of appeal on April 16, 2013.

## III.  DISCUSSION

### A.  Appealability

Judge Beckloff's December 15, 2011 order dismissing plaintiffs' section 17200 petition without prejudice had the net effect of dismissing their probate action with prejudice. This is because the statute of limitations would have expired. Judge Beckloff's December 15, 2011 order was thus appealable. (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698; *Lyon v. Goss* (1942) 19 Cal.2d 659, 670). Obviously, plaintiffs could not timely appeal the dismissal order because they did not know of it until October 29, 2012. (See Cal. Rules of Court, rule 8.104(a)(1)(C) [if no notice, 180 days after entry of judgment or appealable order]; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1456.)

However, defendant correctly notes that this is an appeal in a trust dispute. As a result, the Probate Code provisions concerning appealability are exclusive. The appealability of probate disputes in general is governed by section 1300. (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125-1126; *Boys & Girls Club of Petaluma v. Walsh* (2008) 169 Cal.App.4th 1049, 1057.) In addition, section 1304 lists appealable orders in trust proceedings. (See *Johnson v. Kotyck* (1999) 76 Cal.App.4th 83, 86.) Here, plaintiffs appeal from the order denying their motion to vacate. Plaintiffs contend the order is appealable as an order made after a final judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654.) Defendant argues though that the ruling on the post-judgment motion to vacate is not appealable. Defendant does not assert the notice of appeal from Judge Paul's post-judgment order is untimely. Rather, defendant argues the order itself is non-appealable.

7

Defendant relies on *Estate of Stoddart, supra,* 115 Cal.App.4th at pages 1125-1126. In *Estate of Stoddart,* the Court of Appeal found the plaintiff's reconsideration motions under Code of Civil Procedure section 1008 were not appealable. (*Ibid.*) The Court of Appeal held: "It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in . . . the Probate Code, and its provisions are exclusive.' [Citation.] 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' [Citation.]" (*Id.* at pp. 1125-1126; *Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 754; *Estate of Downing* (1980) 106 Cal.App.3d 159, 163; see Code Civ. Proc., § 904.1, subd. (a)(10) [an appeal may be taken from an order made appealable by the provisions of the Probate Code].)

In terms of that portion of plaintiffs' motion which sought relief pursuant to Code of Civil Procedure section 473, subdivision (b), it is not appealable. Our Supreme Court has held, "[Former section] 1240 of the Probate Code specifies the orders and judgment[s] in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified." (*In re Estate of O'Dea* (1940) 15 Cal.2d 637, 638; see *In re Conservatorship of Harvey* (1970) 3 Cal.3d 646, 652 [holding order denying motion to vacate under Code of Civil Procedure section 473 was not appealable in probate matter].) Because this is a probate matter, the trial court's order denying plaintiffs' motion to vacate under Code of Civil Procedure section 473, subdivision (b) is not appealable.

However, the issue remains as to Judge Paul's ruling resolving the issue of whether the December 15, 2011 order could be set aside on equitable grounds is appealable. Plaintiffs contend this matter is appealable under the narrow exception enumerated in *Estate of Baker* (1915) 170 Cal. 578, 582-583 (*Baker*). In *Baker*, the settlor died and his sister was an heir. (*Id.* at p. 581.) She contested the will and argued undue influence was present. (*Ibid.*) She died before the trial. (*Ibid.*) On the day of the trial, the probate court was advised of her death by her former attorneys. (*Ibid.*) The settlor's executor requested that the probate court dismiss the contest because the contestant's right of action died with her. (*Ibid.*) The probate trial court granted the

8

motion.  (*Ibid*.)  No administrator for the sister had been appointed at the time of the motion.  (*Ibid*.)  Approximately two months later, an administrator was appointed and served and filed a motion for an order vacating the dismissal and to substitute for the sister.  (*Ibid*.)  The probate court denied the motion and the sister's administrator appealed.  (*Ibid*.)

The settlor's executor argued that an order refusing to vacate an order was not appealable.  (*Baker*, *supra*, 170 Cal. at p. 581.)  Our Supreme Court rejected this argument.  (*Id.* at pp. 582-583.)  Our Supreme Court acknowledged the general rule did not permit an appeal from an order denying a motion to vacate.  (*Id.* at p. 582.)  However, our Supreme Court noted, "But there are a large number of cases arising under an entirely different state of facts where the reason for the rule being otherwise, the rule itself is otherwise.  In those cases two appeals are not permitted, but, to the end that justice may be done, one appeal is permitted from an order refusing to vacate a judgment or decree when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree.  These are cases where one's rights or interests are injuriously affected by a judgment or by an appealable order in litigation to which he is not formally a party, or in which if a party, he has not received due notice, so that as to him the judgment or appealable order is made *ex parte*.  In such cases it is always permissible for the one injured to make himself a party to the litigation, if he has not been a party, and, after he has thus submitted to the jurisdiction of the court, to move the vacation of the decree or appealable order injuriously affecting his interest, and to appeal if the motion be denied.  The same right is open to one who is a party to the litigation and against whom such an order or decree has been given improperly and *ex parte*.  These cases, of course, arise when the motions are made after the time limited by law for the appeal has expired. The moving parties, for the indicated reasons, have not been able to avail themselves of the right to appeal.  And only by this method can they be protected in this valuable right."  (*Id.* at pp. 582-583; see *In re Estate of Sanders* (1924) 70 Cal.App. 127, 129.)

9

*Baker* is consistent with other decisions which allow an order denying a motion to vacate to be appealed under narrow specific circumstances. For example, in *Younger v. Superior Court* (1978) 21 Cal.3d 102, 110, our Supreme Court explained the application of the rule articulated in *Baker* in the context of an ex parte order: "The appeal was actually taken from the order entered July 1, 1976, denying the Attorney General's motion to quash the original destruction order of March 5, 1976. Mack contends the order of July 1 was not appealable, relying on the general rule that an appeal will not lie from a denial of a motion to vacate an appealable judgment or order on grounds which existed prior to entry of the latter. (*Litvinuk v. Litvinuk* (1945) 27 Cal.2d 38, 44.) In the case at bar, however, the original destruction order was entered wholly ex parte. The Attorney General's motion to quash was thus his first opportunity to litigate the matter at the trial level, and he should not be penalized for exercising that right. In such circumstances the courts have long recognized that the general rule is subject to an exception permitting the order or judgment to be challenged by a motion to vacate, followed by an appeal if that motion is denied. (See, e.g., *De la Montanya v. De la Montanya* (1896) 112 Cal. 101, 118-119; [*Baker*, *supra*,] 170 Cal. [at pp.] 582-584; *Daley v. County of Butte* (1964) 227 Cal.App.2d 380, 388-389.)"

A key element of decisions following *Baker* is that an appealable judgment is entered ex parte with no notice to the appealing party. And such an order issued without notice to an appealing party necessitates the filing of a motion to set aside the judgment which is deemed appealable. (*Hellbush v. Superior Court* (1929) 99 Cal.App. 501, 505 [divorce decree entered ex parte; party could move to set aside the decree an appeal if the request was denied]; *Estate of Sanders*, *supra*, 70 Cal.App. at p. 129 [in *Baker*, "it was pointed out that the order of dismissal under the facts of that case was in the nature of an ex parte order, and, under those circumstances, the order refusing to vacate the order dismissing the contest was an appealable order"]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 198, p. 275 ["Thus, the original appealable . . . order may have been made ex parte . . . so that the aggrieved party had no actual knowledge of it in time to appeal . . . . In any of these situations, the aggrieved party may obtain review by an appeal from the

10

denial of a motion to vacate."].)  Under these circumstances, plaintiffs may appeal the denial of their motion to vacate.

We recognize a sound argument can be made that *Baker* should be limited to its narrow facts based upon *In re Estate of O'Dea, supra,* 15 Cal.2d at pages 639-640. *O'Dea* involved a motion to vacate pursuant to Code of Civil Procedure section 473 made by two litigants in a probate matter.  The basis of the motion to set aside the probate court order is not specified in the opinion.  (*Id.* at p. 638.)  In the first part of the opinion, our Supreme Court reiterated the general rule that appeals in probate matters are controlled by former section 1240.  (*Id.* at pp. 638-639.)  The second part of the opinion explains why *Baker* was not controlling:  "The peculiar and unusual situation arising out of the facts in that case does not lay down any general exception to the rule that appeals in probate matters must be limited to those orders and judgments specified in section 1240 of the Probate Code.  On the other hand, the language of that decision and the question thereby decided should be construed with relation to the facts of that case, and confined to cases of similar import.  The facts in the instant case have no similarity to those in the [*Baker*] case and for that reason the decision herein should not in any manner be controlled by what was said in that case."  (*In re Estate of O'Dea*, *supra*, 15 Cal.2d at pp. 639-640.)

However, the "peculiar and unusual situation" described above and which was present in *Baker* involved the fact a party could not have been present at a hearing.  No doubt, the issue is very close.  However, the present case involves a peculiar and unusual situation where a litigant was assured by court staff that a hearing would not proceed and it did.  This case is closer to *Baker* which is premised upon equitable considerations than to *O'Dea* where there is no evidence of an ex parte ruling.  And, there is no evidence in *O'Dea* of a probate court staff's failure to give mandatory notice of a ruling made outside the presence of all parties.

Like the plaintiff in *Baker*, plaintiffs here could not avail themselves of the right to appeal because they were unaware of Judge Beckloff's dismissal orders until October 29, 2012.  Complicating matters, the clerk had a duty to notify the parties of Judge

11

Beckloff's ruling. Code of Civil Procedure section 1019.5, subdivision (b) provides, "When a motion is granted or denied on the court's own motion, notice of the court's order shall be given by the court in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes." (*Eldridge v. Superior Court* (1989) 208 Cal.App.3d 1350, 1353, fn. 2.) California Rules of Court, rule 3.1109(a) provides, "When the court rules on a motion or makes an order or renders a judgment in a matter it has taken under submission, the clerk must immediately notify the parties of the ruling, order, or judgment. The notification, which must specifically identify the matter ruled on, may be given by mailing the parties a copy of the ruling, order, or judgment . . . ." The record is uncontradicted no notice of Judge Beckloff's December 15, 2011 dismissal orders was served upon the parties as required by law. It is undisputed no party was present for the December 15, 2011 hearing. Accordingly, plaintiffs may appeal Judge Paul's order denying their motion to vacate.

[Part III (B) is deleted from publication.}

B. The Merits

Plaintiffs argue they are entitled to equitable relief under a theory of extrinsic mistake. Our Supreme Court has held, "[A] trial court may still vacate a default on equitable grounds even if statutory relief is unavailable. [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; see *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 ["After the time for requesting statutory relief under section 473 has passed, the court may set aside the default and judgment on equitable grounds."].) Our Supreme Court has explained: "One ground for equitable relief is extrinsic mistake -- a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits. [Citations.] 'Extrinsic mistake is found when [among other things] . . . a mistake led a court to do what it never intended . . . .' [Citations.]" (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981; see *Burnete v. La Casa Dana*

12

*Apartments* (2007) 148 Cal.App.4th 1262, 1269.) We review a trial court's order denying a motion to vacate on equitable grounds for abuse of discretion. (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981; *In re Marriage of Park* (1980) 27 Cal.3d 337, 347.)

Our Supreme Court has ruled equitable relief from a judgment is available in the case of extrinsic mistake when three elements are present: "First, the defaulted party must demonstrate that it has a meritorious case. Second[], party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Last[], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 982; see *Lee v. An* (2008) 168 Cal.App.4th 558, 566.)

For purposes of this appeal, the parties do not dispute plaintiffs have a meritorious petition. Regarding the second element, plaintiffs contend they have a satisfactory excuse for not defending against Judge Beckloff's dismissal of their petition. Based on the record, plaintiffs' counsel through his paralegal, Ms. Schourup, contacted the probate court clerk on December 12, 2011. Ms. Schourup advised the court clerk that the plaintiffs wanted to take the default prove-up hearing off-calendar pending mediation. The court clerk agreed to remove the matter from Judge Beckloff's calendar of cases to be decided on December 15, 2011. Nonetheless, on December 15, 2011, Judge Beckloff conducted a hearing concerning both the default prove-up and section 17200 petition. Judge Beckloff issued rulings on both matters. As a matter of law, the second element was satisfied. Under California Rules of Court, rule 3.1304(b), "The moving party must immediately notify the court if a matter will not be heard on the scheduled date." Plaintiffs complied with this requirement. It would be presumed that when the court clerk assures a matter will be taken off-calendar, that it was done. (See *Hu v. Silgan Containers Corp.* (1999) 70 Cal.App.4th 1261, 1267 ["The clerk speaks for the court."]; *Mirvis v. Crowder* (1995) 32 Cal.App.4th 1684, 1687.)

Regarding the third element, plaintiffs contend they acted with diligence once they discovered the dismissal of the section 17200 petition. As noted, there was no evidence presented that the trial court issued any notice regarding its December 15, 2011 orders.

13

(See Code Civ. Proc., § 1019.5, subd. (b); Cal. Rules of Court, rule 3.1109(a).) Plaintiffs' counsel declared he did not discover the trial court's December 15, 2011 orders until October 29, 2012.  Plaintiffs filed their Code of Civil Procedure section 473 motion on January 15, 2013, approximately 10 weeks later.  Plaintiffs' conduct between December 15, 2011, to October 2012 indicated an intent to mediate the matter.  And Mr. Osborn had no knowledge of the dismissal of plaintiffs' section 17200 petition. There was also no prejudice demonstrated against defendant.  (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 857 [diligence found when no prejudice resulted from delay]; *Palmer v. Moore* (1968) 266 Cal.App.2d 134, 141.)  Here, defendant made no allegation of prejudice.  We find none.

Based on the submitted evidence, plaintiffs qualified for equitable relief on extrinsic mistake grounds.  Plaintiffs have a meritorious case, a satisfactory excuse for not defending against the dismissal of their default prove-up and petition, and acted with reasonable diligence.  The motion to vacate the December 15, 2011 orders should have been granted.  Because we find equitable relief should be granted because of an extrinsic mistake, we decline to consider the parties' other arguments.

[The balance of the opinion is to be published.]

14

## IV.  DISPOSITION

The orders denying the motion to vacate are reversed.  Upon remittitur issuance, the December 15, 2011 orders are to be set aside.  Plaintiffs, Georgette Kalenian, Ida Reza, Elizabeth Van Item and Alex Tony Insen, are awarded their appeal costs from defendant, George Elias Insen.

**CERTIFIED FOR PARTIAL PUBLICATION**


TURNER, P. J.


We concur:


KRIEGLER, J.


MINK, J.[*]

---

[*]  Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.