Filed 5/6/22  Yamamoto v. Parden CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHEILA VELASCO YAMAMOTO, Plaintiff and Appellant, v. EUEL T. PARDEN, JR., as Trustee, etc., Defendant and Respondent. | H047484 (Santa Clara County Super. Ct. No. 16PR179173) |

In this probate action, appellant Sheila Velasco Yamamoto appeals from an order denying her motion for leave to file a third amended petition for a determination of entitlement to estate distribution under Probate Code section 11600.[1]  Respondent Euel T. Parden., Jr. (Parden, Jr.) is the trustee of the Parden Family Trust (the trust), established in 1993 by Parden, Jr.'s parents, Euel T. Parden, Sr. (Parden, Sr.) and Mary Batinich (Batinich).  Yamamoto, who married Parden, Sr. after Batinich passed away in 2016, claims entitlement to a portion of the trust as an "omitted spouse" pursuant to sections 21610 through 21612.  Parden, Jr. asserts that this court should dismiss the appeal for lack of jurisdiction because Yamamoto has appealed from a nonappealable order.

---

[1] Unspecified statutory references are to the Probate Code.

Parden, Jr. also contends that the appeal, like the underlying petition and motion for leave to amend, is without merit.

For the reasons explained below, we conclude that Yamamoto has appealed from a nonappealable order and dismiss the appeal.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

A. *Facts*

Parden, Sr. and his wife, Batinich, (together, trustors) executed the trust in 1993. On September 10, 2012, the trustors amended and restated the trust. They placed the family home located at 1652 Husted Avenue in San Jose, California (the Husted home) in the trust and provided that, upon their death, trust assets—including the home and all personal property and household effects—would be distributed in equal shares to their three sons: Marko Herbert Parden, Jonathan Bruce Parden, and Parden, Jr. The trustors appointed Batinich as the original trustee and Parden, Jr. as her successor. At all times relevant to this action, Parden, Jr. has been the trustee of the trust.

In April 2014, Parden, Jr. hired Yamamoto as an in-home caregiver for Batinich, who was in poor health, and to provide some assistance to Parden, Sr., who was in his 80s. Yamamoto cared for Batinich until her death on January 15, 2016. After Batinich passed away, Yamamoto continued to serve as a caregiver for Parden, Sr.

On April 25, 2016,[3] Parden, Sr. married Yamamoto. On May 2, Parden, Jr. received a letter from attorney Teresa Hung on behalf of Parden, Sr. requesting that Parden, Jr. sign a quit claim deed deeding the trust property to his father, including the " 'real property held in Trust' " and " 'any and all cash or other assets of the Trust' " (the

_____

[2] The largely undisputed facts are taken from facts stipulated to by the parties on the record at the court trial on September 11, 2018, the trial court's September 14, 2018 statement of decision, and the verified petition for entitlement to estate distribution, filed on November 8, 2018, as well as the verified petitions, supplemental brief, and motion for leave to file the verified third amended petition, which followed the November 8, 2018 petition.

[3] Unless otherwise indicated, all dates were in 2016.

transfer demand letter). On May 3, Parden, Sr. executed a last will and testament which recognized Yamamoto as his wife, nominated her as the executor of his will, made general pecuniary gifts of $100,000 to Yamamoto and two of his sons and $1.00 to Parden, Jr., and gave Yamamoto the residue of his estate if she survived him (the May 3 will). Soon after,[4] Parden, Sr. filed a petition through counsel to remove Parden, Jr. as trustee of the trust and appoint Yamamoto in his place.[5] On July 16, Parden, Sr. passed away.

These events gave rise to a series of petitions in the probate court and the filing of a civil complaint for unlawful detainer (related to Yamamoto's then-residence at the Husted home). We summarize those proceedings in the procedural history below as context for the issues directly presented in this appeal. We also note that while the parties dispute the circumstances surrounding Yamamoto's marriage to Parden, Sr., the validity of the May 3 will, the transfer demand letter, the petition to remove Parden, Jr. as trustee and appoint Yamamoto, and certain reports made during that time to adult protective services, these contested facts have not yet been adjudicated and are not directly relevant to this court's analysis on appeal.

B. *Procedural History*

As noted above, prior to his death on July 16, Parden, Sr. executed the May 3 will and filed a petition in case No. 16PR179173, through counsel Teresa Hung, to remove Parden, Jr. and appoint Yamamoto as the trustee of the trust. The matter was taken off calendar shortly after Parden, Sr.'s death. Other trust and estate matters, which we detail below, were subsequently filed. These matters culminated in a court trial in September

---

[4] The petition for removal of trustee and to appoint Yamamoto as trustee does not appear in the record, and the parties cite different dates (June 30 and July 12, respectively) for the filing of the petition. The correct date is not material to this appeal.

[5] The petition also sought to remove Parden, Jr.'s co-trustee as named in the trust (though that individual had never acted as co-trustee), and to appoint Yamamoto as trustee in lieu of both co-trustees.

2018 and entry of judgment in January 2019, all of which preceded Yamamoto's filing of the petition underlying this appeal.

### 1. Petitions Preceding the September 2018 Court Trial

Yamamoto filed multiple petitions in the trust and estate proceedings. These included the following estate matters: A September 12 petition in case No. 16PR179159 to administer the estate (probate the May 3 will) of Parden, Sr.; a December 12 petition to set aside a probate homestead (as to the Husted home); and a later-filed notice and amended notice (June 20, 2017, and August 14, 2017, respectively) to appoint Yamamoto to administer Parden, Sr.'s estate.

Yamamoto also filed the following trust matters: A November 1 petition in case No. 16PR179834, later consolidated with case No. 16PR179173, for an order determining that Parden, Sr. had died with an interest in the Husted home (hereafter, the claim petition), and a December 5 amended claim petition; and a June 19, 2017 petition in the same case requesting to be appointed as Parden, Sr.'s successor in interest.

On July 14, 2017, Parden, Jr. filed a petition as trustee of the trust requesting to set aside the May 3 will on grounds of (1) unlawful amendment, (2) undue influence, (3) conversion, and (4) unjust enrichment. That case was later consolidated with the matter to probate the May 3 will in case No. 16PR179159. Parden, Jr. also filed an unlawful detainer action (case No. 16CV299508) in September 2016, seeking to regain possession of the Husted home in which Yamamoto had continued to live after Parden, Sr.'s death. The trial court stayed the unlawful detainer action pending the outcome of the trust and estate matters.

### 2. The September 2018 Court Trial and Entry of Judgment

The trust and estate matters proceeded to trial in September 2018, with both parties represented by counsel. In her trial brief, Yamamoto identified numerous issues before the court, including the validity of the May 3 will, the merits of Yamamoto's claim petition, Yamamoto's right to appointment as Parden, Sr.'s successor in interest,

4

and whether Yamamoto "qualifie[d] as an [o]mitted [s]pouse pursuant to" section 21610, subdivisions (a) through (c).

Parden, Jr., as trustee, filed a motion to bifurcate the trial and proceed first on Yamamoto's claim petition. The trustee argued that adjudication of the claim petition could eliminate the need to determine the estate matters, since a finding that the Husted home and other property belonged to the trust would mean there was "nothing in the estate to pass to" Yamamoto. Yamamoto countered that the court should examine Parden, Sr.'s transfer demand letter to Parden, Jr. and should begin with a decision on Yamamoto's petition to appoint Yamamoto as successor in interest.

After considering the arguments, additional briefing by the parties, and admitted documents, the trial court granted the motion to bifurcate the trial and set forth its tentative ruling to deny the claim petition. It explained that resolving the claim petition first "would be the fairest and most expeditious manner in which to proceed."

On September 14, 2018, the trial court filed its statement of decision. The statement of decision summarized the seven probate petitions at issue, the unlawful detainer complaint, the parties' allegations, various stipulations reached by the parties, and documents admitted, including the deed of the Husted home, recorded on December 12, 2012, in the name of the trust. The court concluded it could resolve the claim petition as a matter of law based on the undisputed facts and documents admitted into evidence. The court found in relevant part that the Husted home and assets listed as trust property "belonged to the Trust," that Parden, Jr. was the trustee of the trust, and that based on the provisions of the trust and the law concerning trust revocation, the transfer demand letter "did not cause any Trust assets to be distributed to Euel Senior because it did not comply with the requirements set forth in the Trust." The court concluded that the Husted home and all personal property and household effects remained trust assets; it denied Yamamoto's claim petition.

5

The trial court directed Parden, Jr. to prepare "an appropriate judgment" and for Yamamoto to present "any objections to the court." The court noted that after it announced its ruling on the claim petition, both parties decided not to proceed on any other petitions and agreed to dismiss those petitions without prejudice. The parties also resolved the unlawful detainer dispute, "recited the terms of the settlement on the record," and indicated their understanding of and agreement to those terms. In settling the unlawful detainer, the parties agreed that Yamamoto could remain in the Husted home through the holidays and end of the year, in exchange for continuing to pay the mortgage on the home, as well as paying property taxes and expenses.[6]

On January 8, 2019, the trial court entered judgment based on the claim petition in favor of Parden, Jr., as trustee, and against Yamamoto (judgment). The judgment recounted the petitions and civil case at issue at trial. It noted that after it denied the claim petition, the parties at the hearing agreed to dismiss without prejudice "all other pending probate petitions and the unlawful detainer action." The judgment (1) denied the claim petition, (2) stated that the trust continued to own the Husted home, along with all personal property and household effects, (3) ordered that Parden, Jr. was entitled to recover costs incurred in connection with the claim petition, and (4) dismissed without prejudice the other petitions brought to trial and the unlawful detainer action.

Yamamoto did not appeal from the judgment.

---

[6] Parden, Jr. asserts that in the interest of concluding all litigation and settling with Yamamoto, the trustee agreed to allow her to remain in the Husted home and elected not to pursue its various claims against her, including claims for approximately $71,000 in cash purportedly transferred out of the trust account during Yamamoto's 82-day marriage to Parden, Sr., as well as the fair rental value of the Husted home during the months that Yamamoto resided in the home after Parden, Sr.'s death, which the trust valued at approximately $4,000 per month.

### 3. Petitions and Proceedings After the September 2018 Trial and Judgment

#### a. November 8, 2018 Petition

On November 8, 2018, after the September 2018 court trial but prior to entry of judgment, Yamamoto filed a new petition in case No. 16PR179173, pursuant to section 11700, for entitlement to estate distribution as an omitted spouse (the November 8, 2018 petition).

Yamamoto asserted that as the surviving spouse of Parden, Sr., she sought a "court determination of her status as an omitted spouse" under sections 21610 through 21612, which according to Yamamoto "protect[] a surviving spouse when the deceased spouses [*sic*] last Will or Trust, executed prior to the marriage, fails to provide for the surviving spouse." Yamamoto alleged that although she had filed a petition to probate the May 3 will of Parden, Sr., the trustee (Parden, Jr.) had objected to probate of the May 3 will and claimed it was not valid. Further, Yamamoto stated that because the trial court ruled at trial on the claim petition that the decedent had nothing in his personal estate and all his property was in the trust, the ruling effectively mooted the issue of probate of the May 3 will, making administration of the trust the relevant issue. Yamamoto argued that because Parden, Sr. did not provide for her in the trust, which was executed prior to their marriage, the omission effectively rendered Yamamoto an omitted spouse within the meaning of section 21610.[7]

Parden, Jr. filed objections to the November 8, 2018 petition, asserting among other arguments that (1) Yamamoto's petition to be declared a pretermitted spouse contradicted her prior claim to administer the estate according to the May 3 will; (2) even if Yamamoto proved she was a pretermitted spouse, the only relevant property at the time

---

[7] Section 21610 generally provides that "if a decedent fails to provide in a testamentary instrument for the decedent's surviving spouse who married the decedent after the execution of all of the decedent's testamentary instruments," the pretermitted spouse shall obtain a share in one-half of the decedent's community property, quasi-community property, and separate property. (§ 21610, subds. (a)–(c).)

of Parden, Sr.'s death was in the trust (and not in Parden, Sr.'s estate); and (3) the petition was untimely as filed pursuant to section 11700, which authorizes a petition in relation to " 'letters [] first issued to a general personal representative,' " which never occurred in this case because Yamamoto dismissed her petition for letters of personal administration without prejudice after the September 2018 court trial.

### b. First Amended Petition

A few days before the February 14, 2019 hearing date Yamamoto had obtained for her November 8, 2018 petition, she filed a "first amended petition for proceedings concerning trusts" (capitalization omitted) (hereafter, first amended petition), pursuant to section 17200 and seeking a determination of entitlement to a statutory share of the trust under sections 21610 through 21612. The first amended petition restated the allegations of the petition but under the putative authority of section 17200 rather than section 11700. On February 15, 2019, Yamamoto refiled the first amended petition and set a hearing date of March 28, 2019. Parden, Jr., as trustee, again filed objections to the first amended petition. The objections asserted that Yamamoto lacked standing to bring a petition pursuant to section 17200, which authorizes "only 'a trustee or beneficiary of a trust [to] petition the court under this chapter' " and reiterated the objections raised in response to the petition. Yamamoto thereafter filed "objections/rebuttal" to Parden, Jr.'s objections to the first amended petition, in which she challenged numerous factual assertions in the trustee's papers, contended she was a "beneficiary" of the trust as defined by section 24 of the Probate Code and therefore had standing to bring a petition pursuant to section 17200, and responded to the other legal arguments raised.

### c. Second Amended Petitions

On March 28, 2019, the date set for hearing on the first amended petition, Parden, Jr. filed a supplemental opposition to address the legal question of standing and whether Yamamoto qualified as a "beneficiary" under section 24. On that same date, Yamamoto filed a "second amended petition for determination of entitlement to estate distribution

8

under . . . sections 21600–21601 and 21610–21612" (capitalization omitted) (second amended petition). After additional filings and proceedings,[8] on May 10, 2019, Yamamoto refiled the second amended petition (sometimes referred to by the parties as the "corrected" second amended petition), accompanied by a noticed motion (motion for leave to file the second amended petition) (capitalization omitted), which was ultimately set for hearing on June 20, 2019. Yamamoto also filed a "motion/application for injunction or order" requiring the trustee to "to hold proceeds from the sale" of the Husted home in escrow, "subject to court approval of how the funds [are] d[]istributed" (injunction request) (capitalization omitted).

In support of her motion for leave to file the second amended petition, Yamamoto urged that amendment to the petition was proper under California's liberal standard for allowing parties to amend pleadings in order for litigation to be decided on the merits. Yamamoto asserted that the amended petitions responded to objections filed by Parden, Jr. and that there would be no prejudice to the trustee since the amendment merely sought to correct the authority for filing the petition. Regarding the injunction request, Yamamoto asserted that the trustee had sold the sole asset of the trust (the Husted home), which was in escrow, and that Yamamoto required an order enjoining disbursement of the proceeds of the sale to protect her right to the Husted home pending the resolution of her petition claims.

Parden, Jr., as trustee, again filed a detailed objection broadly responding to Yamamoto's petitions, amendments, and injunction request. The objection recited the procedural history of the trust and estate matters and stated that instead of the resolution envisioned after the September 2018 court trial and agreement to dismiss the remaining

_____

[8] According to Parden, Jr.'s respondent's brief on appeal (but without citation to the record), the trial court instructed Yamamoto at a hearing on the second amended petition held on April 18, 2019, not to file any further petitions without leave of court. The record of the hearing and any related minute order or instructions do not appear to be in the record on appeal.

9

petitions and allow Yamamoto to remain in the Husted home, the trustee "finds himself playing whack-a-mole with Ms. Yamamoto's ever shifting petitions, filed without legal authority or leave of the court." The objection challenged on both legal and procedural grounds Yamamoto's continued efforts to file amended petitions, described the prejudice to the trust due to the cost and time associated with the ongoing litigation and inability to complete administration of the trust. As to the omitted spouse theory proffered in the November 8, 2018 petition, Parden, Jr. maintained that, because Yamamoto had previously raised that theory, it could have been addressed at the September 2018 trial. Yamamoto again filed a rebuttal to the objection.

> d. Orders on (1) Motion for Leave to File the Second Amended Petition, and (2) November 8, 2018 Petition

At a hearing on June 20, 2019, the trial court considered the parties' arguments and briefing with respect to Yamamoto's motion for leave to file the second amended petition, the second amended petition, and injunction request. The court stated its findings on the record, noting that Yamamoto failed to comply with the procedural prerequisites for a motion to amend a pleading (Cal. Rules of Court, rule 3.1324(b)) and that, based on the circumstances surrounding the September 2018 court trial, there would be prejudice to Parden, Jr., as trustee, in permitting the amendment. The court also questioned the viability of Yamamoto's omitted spouse claim, given the undisputed existence of the May 3 will, though it declined to rule on that basis since the omitted spouse claim was not squarely before it. The trial court denied Yamamoto's motion for leave to file the second amended petition and later issued a issued a written order, summarized below.

At the hearing, the trial court and parties discussed the status of Yamamoto's earlier-filed petitions following the court's tentative decision not to permit the filing of the second amended petition. The court stated its understanding that the only issue before it, apart from the injunction request, was whether to permit the filing of the second

10

amended petition, leaving the status of the prior petitions—none of which had been adjudicated—unclear.  Parden, Jr.'s counsel argued that the ruling on the motion for leave to file the second amended petition applied equally to the prior amended petitions (the first amended petition filed February 11, 2019, and the earlier, second amended petition filed on March 28, 2019), and that the court's finding of prejudice and the issue of standing rendered the November 8, 2018 petition defective.  Counsel for Yamamoto requested time to review the November 8, 2018 petition and brief the court regarding its status.  The court issued a briefing schedule and directed the parties to address the operative petition, whether it could proceed, and the question of the May 3 will and any legal authority for the court to disregard it with respect to Yamamoto's omitted spouse claim.

At a hearing on July 25, 2019, the trial court considered the parties' additional briefing and ruled on the November 8, 2018 petition.  Both sides agreed that the November 8, 2018 petition was the operative pleading.  Yamamoto's counsel conceded that the November 8, 2018 petition relied upon a code section that did not afford Yamamoto any relief.  Yamamoto's counsel explained that he had filed a motion for leave to amend the November 8, 2018 petition to refer to the proper statutory authority relying not on section 11700, as pleaded in the November 8, 2018 petition, but on section 11600 (hereafter, the motion for leave to file the third amended petition).

The motion for leave to file the third amended petition was set for hearing on August 30, 2019.  Yamamoto's counsel asked the trial court to allow that motion to go forward and make a decision based on the third amended petition.  The trial court agreed that it could not take up the motion for leave to file the third amended petition until the hearing date.  It denied the November 8, 2018 petition on the ground that Yamamoto did not have standing under section 11700.

Immediately after the hearing on July 25, 2019, the trial court filed two written orders:  The first order denied the motion for leave to file the second amended petition,

the second amended petition, and the injunction request, and the second order denied the November 8, 2018 petition.  The order denying the November 8, 2018 petition stated two grounds for denying the petition, namely that (1) Yamamoto lacked standing under section 11700 to bring the petition, and (2) the petition was barred by laches because Yamamoto "was aware of the omitted spouse legal theory on or before November 10, 2016" and had not shown good cause for failing to move to amend the petition or present legal argument and evidence as to the omitted spouse theory at that time.

Parden, Jr. served notice of entry of both orders that same day.  There was no appeal taken from the trial court's July 25, 2019 orders, including its denial of the November 8, 2018 petition raising the omitted spouse claim.  Further, on August 6, 2019, the trial court filed an order granting approval of a costs order submitted by Parden, Jr., based on the trustee's memorandum of costs that had been filed on January 23, 2019, after entry of judgment on the claim petition following the September 2018 trial.  The trial court also filed an amended judgment that day, awarding costs to Parden, Jr., as trustee, in the amount of $14,528.40.

e.  Order on Motion for Leave to File the Third Amended Petition

On August 30, 2019, the parties appeared for a hearing on Yamamoto's motion for leave to file the third amended petition.

The motion asserted that filing an amendment to the November 8, 2018 petition was proper because Yamamoto's two prior attempts to amend the November 8, 2018 petition had been unsuccessful (each having been filed under improper Probate Code sections), and Yamamoto had since identified the correct statutory authority for her petition.  Yamamoto argued that under California's liberal pleading standard, amendments are to be liberally permitted "in furtherance of justice" (Code Civ. Proc., §§ 473, subd. (a), 576) and may not be denied unless the party opposing amendment can show meaningful prejudice.  Yamamoto asserted that because the trustee had been aware of Yamamoto's attempts to amend the November 8, 2018 petition to the correct statutory

12

authority, there would be no prejudice in allowing the amendment. A declaration of counsel accompanied the motion for leave to file the third amended petition.

Parden, Jr., as trustee, filed an objection to the motion for leave to file the third amended petition, supported by declarations of Parden, Jr. and his counsel. The trustee argued that Yamamoto was engaging in "abusive litigation conduct" and emphasized that she had been "aware of her omitted spouse argument in 2016" as reflected in her trial brief and in communications between her counsel at the time and the trustee. Parden, Jr. further argued that Yamamoto was not an omitted spouse under the plain language of section 21610 and that the entire claim was barred by laches, as the trial court had already found in its order of July 25, 2019. In response, Yamamoto filed a supplemental brief seeking to clarify her "good faith and timely conduct" in attempting to amend the November 8, 2018 petition, accompanied by a further declaration of counsel.

At the hearing on August 30, 2019, the trial court indicated it had reviewed all the papers that had been filed with respect to Yamamoto's request to amend the November 8, 2018 petition and was familiar with the claims at issue. The court heard detailed argument from both parties regarding the issues of compliance with the applicable procedural rules (namely, the requirement under California Rules of Court, rule 3.1324(b), for the supporting declaration to address "[w]hen the facts giving rise to the amended allegations were discovered" and under rule 3.1324(b)(4) "why the request for amendment was not made earlier"), laches and whether Yamamoto had had the opportunity at trial to pursue the omitted spouse theory, and prejudice with respect to the understanding the parties had when they dismissed their petitions after the September 2018 trial.

In its ruling on the record, the trial court explained that it had previously addressed the issue of laches and did not believe there was any new information that would alter the court's evaluation. More specifically, the court found there was "nothing new factually or legally," other than the change from section 11700 to section 11600 as the basis for the

13

petition, and that "laches does apply and that there would be prejudice to the Parden family trust to have to again respond to this third amended complaint." Regarding the merits of Yamamoto's omitted spouse claim, the court observed that "[s]ection 11600 requires there to be an estate, and there is not an estate." The court further noted that it was "very hard for [it] to look past" the fact that there was a trust and a will that was prepared after Yamamoto and Parden, Sr. had married that provided for Yamamoto. The trial court thus denied the motion to file the third amended petition and asked Parden, Jr.'s counsel to prepare an order.

After the hearing, the trial court issued a minute order dated August 30, 2019, which stated in summary fashion the basis for the court's ruling denying the motion for leave to file the third amended petition (minute order). More than two months later, on November 8, 2019, the trial court filed a written order denying leave to file the third amended petition (order denying leave to file the third amended petition). It restated the five grounds for denying the motion to file the third amended petition that the trial court had articulated at the August 30, 2019 hearing, stating: (1) the motion did not offer any different information on the issue of laches than was raised in prior petitions; (2) the motion failed to offer any new information that would change the trial court's evaluation of laches; (3) the motion failed to provide new facts or law other than the change from section 11700 to section 11600 that would address the questions of laches and prejudice; (4) laches did apply and the trust would be prejudiced by having to respond to the proposed third amended petition; and (5) section 11600 requires there to be an estate, and there is no estate in this matter.

                4. <u>Appeal From the Order Denying Leave to File the Third Amended Petition</u>

On October 28, 2019, after the issuance of the trial court's August 30, 2019 minute order but before the November 8, 2019 filing of the order denying leave to file the third amended petition, Yamamoto appealed. Yamamoto's notice of appeal indicated the

14

appeal was taken from an order or judgment under Code of Civil Procedure, section 904.1, and from the order entered on August 30, 2019, and attached the trial court's minute order from that date.

On November 8, 2019, Yamamoto filed the civil case information statement in this court and again listed the date of the order appealed from as "08-30-2019." But in lieu of the August 30, 2019 minute order, Yamamoto attached to the civil case information statement the November 8, 2019 order denying her motion for leave to file the third amended petition.

## II. DISCUSSION

Yamamoto contends that the trial court's rulings were flawed and biased.[9] She asserts that the trial court erroneously denied the motion for leave to file the third amended petition and showed bias against her because it concluded laches applied even though there was no substantial evidence of prejudice to Parden, Jr.

Parden, Jr. responds that the August 30, 2019 minute order from which Yamamoto appeals is a nonappealable order, and this court lacks jurisdiction to review the appeal. Parden, Jr. further counters that, even if this court had jurisdiction to review the denial of her motion for leave to file the third amended petition, the trial court did not abuse its discretion in making that determination, given that it had already ruled the omitted spouse claim was barred by laches and any further proceedings would result in prejudice to the trustee.

Yamamoto responds, regarding this court's jurisdiction to review her claims, that her appeal only referenced the minute order because Parden, Jr. had not yet presented a proposed order to the trial court as the court had requested, and that under the " 'one judgment rule' " it is not the form of the order but its substance that is determinative. Yamamoto suggests that this court, on appeal, should address certain issues that were not

___

[9] Though represented by counsel in the trial court proceedings, Yamamoto is self-represented on appeal.

15

resolved by the trial court, such as "the issue of the [May 3] will" and its disputed application to the omitted spouse claim, as well as the legal question of Yamamoto's claim to a portion of the trust as part of the "estate" of Parden, Sr.

The existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 (*Jennings*)), and reviewing courts must resolve any doubts regarding appealability before turning to the merits of the appeal. (*Ibid.*) We therefore take up the jurisdiction question first.

A. *Appellate Jurisdiction*

A reviewing court's authority to act typically arises in the procedural context of either a direct appeal or a writ proceeding. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) Where, as here, the matter is on direct appeal, the court has jurisdiction based only upon (1) an appealable order or (2) an appealable judgment. (*Ibid.*) As noted above, the reviewing court must verify that it has the authority to entertain the appeal based upon the existence of an appealable judgment or order. (*Id.* at p. 692; *Jennings*, *supra*, 8 Cal.4th at p. 126.) It is the reviewing court's duty to dismiss an appeal from an order that is not appealable. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432 (*Doe*).)

Whether a trial court's order is appealable is determined by statute. (*Griset*, *supra*, 25 Cal.4th at p. 696.) Code of Civil Procedure section 904.1 provides the primary statutory authorization for civil appeals. (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) It provides in relevant part that an appeal may be taken from a final judgment (Code Civ. Proc., § 904.1, subd. (a)(1)), an order made after an appealable judgment (*id.*, subd. (a)(2)), or "an order made appealable by the provisions of the . . . Probate Code" (*id.*, subd. (a)(10)).

Section 1300 of the Probate Code specifies those orders from which appeals may be taken in probate proceedings. (*Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575–576; see *In re Schechtman's Estate* (1955) 45 Cal.2d 50, 54 (*Schechtman's*) ["Appeals

16

which may be taken from orders in probate proceedings are set forth in [former] section 1240 of the Probate Code.].) Indeed, "[n]o order is appealable from probate court unless it is included in the provisions of section [1300]." (*Estate of Cook* (1976) 64 Cal.App.3d 852, 861 [referring to former section 1240].)

"It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in . . . the Probate Code, and its provisions are exclusive.' [Citation.] 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' " (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125–1126 (*Stoddart*).) Thus, we proceed from the standpoint that "a ruling in a probate proceeding is not appealable unless expressly made appealable by statute." (*McDonald v. Structured Asset Sales, LLC* (2007) 154 Cal.App.4th 1068, 1072; accord *Schechtman's*, *supra*, 45 Cal.2d at p. 54 [stating "appeals in probate matters are limited to those expressly provided by statute"].) To ascertain appellate jurisdiction in this matter, we therefore must identify the order appealed from and determine whether it qualifies under the Probate Code's express provisions for appeal.

The notice of appeal in this matter is unambiguous in identifying the minute order as the order from which the appeal is taken. The notice of appeal both specifies the date of the minute order (August 30, 2019) as the date the judgment or order "was entered on" and further appends a copy of the minute order to the notice of appeal. Although Yamamoto maintains in her reply brief that she did not appeal from the minute order, since she "checked" both the boxes on the Judicial Council form for " 'An order or judgment under Code of Civil Procedure section 904.1 (a)(3)–(13)[']: and: 'Other.' " Yamamoto does not point to any other order or judgment from which she purports to appeal. Furthermore, the record reflects that Yamamoto never appealed from the judgment entered on January 8, 2019, nor did she attempt to appeal from the substantive denial of her prior petitions (the November 8, 2018 petition, or the second amended petition) for entitlement to estate distribution as an omitted spouse.

Yamamoto contends that she referred to the minute order only because "by the time the notice of appeal was filed, Respondent had not presented a filed order to Appellant, as was ordered by the court." We surmise from this argument (and from the timing of the notice of appeal in relation to the minute order) that Yamamoto appealed from the minute order for lack of a file-stamped, final order and to head off any untimeliness argument, in the event the minute order was an appealable order.[10] Yamamoto's civil case information statement, which by the rules of court must include "a copy of the judgment or appealed order that shows the date it was entered" (Cal. Rules of Court, rule 8.100(g)(1)), appended the file-stamped, November 8, 2019 written order denying the third amended petition, even as it identified August 30, 2019, as the relevant date of the appealed order.

Taking into consideration both the notice of appeal and the civil case information statement, we observe that Yamamoto unquestionably appealed the trial court's decision to deny her motion for leave to file the third amended petition, as reflected in the minute order of August 30, 2019. The fact that the appeal was taken from the minute order, rather than the file-stamped, November 8, 2019 order denying leave to file the third amended petition, amounts to a technicality resulting from the trustee's failure to supply a timely order as requested by the trial court at the hearing on August 30, 2019.

Under these circumstances, we consider whether this court might deem the notice of appeal to encompass that later-filed order, and if so, whether doing so would resolve the question of appealability. Yamamoto argues for such a construction. She points to *Estate of Dito* (2011) 198 Cal.App.4th 791, 800 (*Estate of Dito*), in which the appellate court construed the appeal, which had been taken from a nonappealable order sustaining a demurrer without leave to amend, as taken instead from a judgment of dismissal. The

---

[10] In most cases, a notice of appeal must be filed within 60 days of the trial court's service of the file-stamped copy of the order, or from the notice of entry of judgment or order served by a party. (See Cal. Rules of Court, rule 8.104(a)(1)(A), (B).)

18

court in *Estate of Dito* justified its corrective approach by explaining that the order sustaining the demurrer was a final adjudication of all of the causes of action contained in the petition, and as such there would be no prejudice to the respondent who was not mislead by the failure to secure a judgment of dismissal. (*Ibid.*) Furthermore, the court reasoned there would be no purpose in dismissing the appeal only to require the appellants to file a new appeal after securing a judgment of dismissal. (*Ibid.*)

Yamamoto contends that, as in *Estate of Dito*, this court can properly exercise jurisdiction and "amend the order to make it an appealable judgment" (*Estate of Dito*, *supra*, 198 Cal.App.4th at pp. 799–800), because the trial court's ruling denying her motion for leave to file the third amended petition effectively served as a final adjudication of her petition(s) against the trustee. Yamamoto further argues that this court may treat the nonappealable order as appealable, whether as an "effective judgment" (*Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 6 (*Swain*)) or under the "so-called collateral order doctrine" as an " 'exception to the "one final judgment" rule codified in Code of Civil Procedure section 904.1.' " (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1084 (*Smith*).)

We agree, as an initial matter, that construing Yamamoto's notice of appeal as having been taken from the file-stamped, formal order that followed is appropriate. There is no prejudice to the trustee, since the trial court's ruling on the record at the August 30, 2019 hearing and the minute order each recited the trial court's decision and informed both sides that leave to file the third amended petition was denied. What is more, the California Rules of Court direct reviewing courts to liberally construe the notice of appeal in favor of its sufficiency and avoid dismissing the appeal on a mere technicality. (Cal. Rules of Court, rules 8.100(a)(2), 8.406(d); see, e.g., *Red Mountain, LLC. V. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 344 [noting the notice of appeal "may be deemed sufficient if it has not misled or prejudiced the respondent"]; accord *Estate of Dito*, *supra*, 198 Cal.App.4th at p. 800.)

19

But the policy of liberally construing a notice of appeal in favor of its sufficiency to permit review of the merits does not apply to a nonappealable order. "While there is a well recognized policy in favor of resolving appeals on their merits [citation], this court has no power to make appealable an order which is nonappealable." (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 683.) So too, " '[a]n attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.' " (*Doe*, *supra*, 200 Cal.App.4th at p. 1432; see also *I. J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331 [rejecting use of a procedural device to appeal from a nonappealable order], superseded by statute on other grounds as stated in *Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1108, fn. 7.) The jurisdictional problem we confront here is not whether the appeal was prematurely taken from a nonappealable minute order but whether the later-filed order denying leave to file the third amended petition is itself appealable. While we may construe the notice of appeal to be taken from the November 8, 2019 order denying leave to file the third amended petition, that judicial act is without practical effect if that order itself is also nonappealable. We conclude that is indeed the case here.

As set forth above, an appeal may be taken from "an order made appealable by the Probate Code." (Code Civ. Proc., § 904.1, subd. (a)(10).) The provisions of the Probate Court are understood to be " 'exclusive' " in conferring authority over appeals from orders in probate proceedings. (*Stoddart*, *supra*, 115 Cal.App.4th at pp. 1125–1126.) Because "appeals in probate matters are limited to those expressly provided by statute" (*Schechtman's*, *supra*, 45 Cal.2d at p. 54), this court is without authority to review Yamamoto's appeal unless the order denying the third amended petition comes within the purview of an appealable matter as provided by the Probate Code.

Yamamoto relies, as authority under the Probate Code, on section 1303, subdivisions (f), (g) and (h). However, our review of the referenced Probate Code

20

provisions reveals no specification for an appeal from an order denying leave to file an amended petition for entitlement to estate distribution as an omitted spouse. Yamamoto, moreover, does not attempt to demonstrate by legal argument or citation to case authority how the order at issue on appeal regarding her motion for leave to file the third amended petition arises under the specified Probate Code subdivisions.

Section 1303 sets forth grounds for appeal with respect to a decedent's estate. The statute states in relevant part, "With respect to a decedent's estate, the grant or refusal to grant the following orders is appealable: [¶] . . . [¶] (f) Determining heirship, succession, entitlement, or the persons to whom distribution should be made[;] [¶] (g) Directing distribution of property[;] [¶] [and] (h) Determining that property passes to, or confirming that property belongs to, the surviving spouse under Section 13656." (§ 1303, subds. (f), (g), (h).

The order denying leave to file the third amended petition neither granted nor refused rights under any of these enumerated capacities. It did not grant or refuse to grant the distribution of property (§ 1303, subd. (g)) but instead confirmed there was no estate to be distributed, per the judgment entered on January 8, 2019 after trial, from which Yamamoto did not appeal.[11] Similarly, the denial of leave to file the third amended petition did not refuse to determine entitlement to distribution of estate property (*id.*, subd. (f)) or to confirm the passing of property to the surviving spouse under section 13656 (thereby dictating whether administration is necessary) (*id.*, subd. (h)), because those actions presuppose an estate available for distribution. Yamamoto did not appeal from the judgment, and the determination that there was no estate remained undisturbed.

---

[11] In the trial court, Yamamoto's counsel stated that after the September 2018 trial, "when we ha[d] nothing left – everything was in [the] trust – we tried to see if we [were] going to appeal the case. But there were—it was so expensive to appeal it that we—you know, she decide[s] she didn't have the money to appeal it. So that's why we went ahead with this—went to petition under [section] 21600 [of the] code, which gives a right, as an omitted spouse, to petition the court for her share of the property."

Consequently, the order denying Yamamoto's motion for leave to file the third amended petition did not decide entitlement to property, succession, distribution, or confirmation to whom any estate property passed or belonged. (Cf. § 1303, subds. (f), (g), (h).) Instead, the order simply denied leave to file a third amended petition by concluding that the amendment to assert an omitted spouse claim under the putatively correct code section would be futile where there was no estate to be distributed and the trial court, in its prior orders of July 25, 2019, had already found the claim barred by the doctrine of laches. We note that Yamamoto similarly had elected not to attempt to appeal from the July 25, 2019 orders.

Having determined that the order denying leave to file the third amended petition does not qualify as an appealable order under Probate Code section 1303, we conclude that these provisions are inapplicable and do not authorize the appeal. Nor do we perceive any alternate path to jurisdiction that could conceivably apply.

As best understood by this court, Yamamoto contends that even if the order denying leave to file the third amended petition is not made expressly appealable by Probate Code section 1303, this court may construe the order as a judgment or appealable order under Code of Civil Procedure section 904.1, since it appears to dispose of her petition(s) against the trustee and serve as a final adjudication thereof. While it is true that in some circumstances the reviewing court can amend or correct the order appealed from to "make it an effective judgment" (*Swain*, *supra*, 99 Cal.App.4th at p. 6), that authority exists where the trial court *intended* to effect a final disposition of an action but, by mistake or inadvertence, failed to effectively render an appealable final judgment. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2001), ¶ 2:67; see *Swain*, at p. 5 [noting that the order granting summary judgment was "arguably ineffective as a judgment"] *id*. at p. 6 [but nonetheless "clearly intended to finally dispose of (the) plaintiffs' complaint"].) As expressed by the California Supreme Court, "When . . . a trial court's order from which an appeal has been taken disposes of

22

the entire action, the order 'may be amended so as to convert it into a judgment encompassing actual determinations of all remaining issues by the trial court or, if determinable as a matter of law, by the appellate court, and the notice of appeal may then be treated as a premature but valid appeal from the judgment.' " (*Griset*, *supra*, 25 Cal.4th at p. 700; see also *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 22 [holding the appellate court may treat the notice of appeal as sufficient "when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced"].)

The circumstances presented here do not allow for such conversion, where, as previously noted, only those orders expressly specified in the Probate Code may serve as the basis for appeal. Nor may the appeal from a nonappealable order serve indirectly to extend the time to appeal or permit review of any previously appealable orders for which the time to appeal has passed (see Cal. Rules of Court, rule 8.406(a), (c)), including, most notably in this case, the judgment, which effectively precluded any claims to the estate (see fn. 11, *ante*).

Moreover, the trial court's decision not to permit the filing of the third amended petition does not reflect an adjudication of the issues in the manner of an order granting summary judgment on all causes of action like in *Swain*, or of an order sustaining a demurrer like in *Estate of Dito*. " 'Leave to amend a complaint is . . . entrusted to the sound discretion of the trial court.' " (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242; see Code Civ. Proc., § 473, subd. (a)(1).) While there is a general policy to liberally grant amendment, " 'leave to amend should *not* be granted where, in all probability, amendment would be futile.' " (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000.) Thus, the denial of leave to file the third amended petition, for the reasons the trial court articulated on the record at the August 30, 2019 hearing and

23

in its written order, reflects a determination in the exercise of the trial court's discretion that further attempts at amendment would be inappropriate and futile.[12]

So too, Yamamoto's suggestion that the "collateral order doctrine" might apply does not address or resolve the requirement that the order at issue on appeal arise under one of the grounds for appeal specified in the Probate Code. As noted in *Smith*, the collateral order doctrine applies as an " 'exception to the "one final judgment" rule codified in Code of Civil Procedure section 904.1' " when the ruling is on a matter independent or severable from the main subject of the litigation. (*Smith*, *supra*, 208 Cal.App.4th at p. 1084.) Even if the order denying leave to file the third amended petition were to qualify as a collateral order, Yamamoto has not shown the "collateral" order is independently appealable under the relevant Probate Code provisions.

In sum, the right to appeal in matters governed by the Probate Code is limited by statute. (Code of Civ. Proc., § 904.1, subd. (a)(1); §§ 1300, 1303.) Here, the only issue on appeal is the trial court's discretionary determination (explained in detail at the August 30, 2019 hearing, set forth in the minute order, and later entered in the order denying leave to file the third amended complaint) whether to permit the filing of the third amended petition. Yamamoto's reliance on those subsections pertaining to the grant or refusal to distribute estate property or determine the surviving spouse's right to the estate

---

[12] Our determination that the appeal must be dismissed deprives this court of authority to perform a merits review of the trial court's laches and prejudice findings. Nevertheless, we observe that contrary to Yamamoto's assertions on appeal that the trial court failed to explain its findings of laches and prejudice, the record shows that the trial court expressed in detail its reasons for denying leave to amend. It noted, as to laches and prejudice, that the allegation of prejudice goes "all the way back" to the September 2018 trial and the trustee's understanding that the dismissal of claims set for trial and agreement for Yamamoto to remain in the Husted home until January 2019 allowed for an informal resolution of the case. The court also explained the questionable merit of Yamamoto's omitted spouse claim, given that there is no estate to administer or distribute, and there is a will (the May 3 will), the validity of which was never adjudicated but the existence of which is not in dispute.

24

property (§ 1303, subds. (f), (g), (h)), is misplaced. The specified grounds for appeal do not include the grant or denial of leave to amend the petition claiming entitlement to distribution of the estate. Furthermore, the trial court's discretionary decision to deny leave to file the third amended petition in light of its repeated and unchanged findings does not represent an adjudication of the issues in the manner of a judgment or appealable order independent of the governing provisions of the Probate Code. Because the appeal is taken from a nonappealable order, it must be dismissed.

## III. DISPOSITION

The appeal is dismissed. Respondent Parden, Jr., as trustee, is entitled to his reasonable costs on appeal. (Cal. Rules of Court, rule 8.278(a)(4).)

_____
Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.




_____
Wilson, J.




**H047484**
*Yamamoto v. Parden*