Filed 12/31/24 Robinson v. Robinson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WILLIAM J. ROBINSON et al., | B332807 |
| Plaintiffs and Appellants, | (Los Angeles County |
| v. | Super. Ct. No. 20STPB02779) |
| DEBORAH ROBINSON, as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jessica A. Uzcategui, Judge. Dismissed.

Foley & Lardner and William J. Robinson for Plaintiffs and Appellants.

Kowal Law Group and Timothy M. Kowal for Defendant and Respondent.

————————————————

Plaintiffs and appellants William Robinson and Michael Robinson purport to appeal from a statement of decision following a bench trial in favor of defendant and respondent Deborah Robinson, individually and in her capacity as trustee of a family trust, in this proceeding concerning the ownership of certain financial accounts.[1] We conclude the statement of decision is a nonappealable order, and therefore, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The parents of William, Michael, and Deborah established the Robinson Family Trust on April 19, 2007. After the death of both parents, Deborah became the successor trustee.

In July 2020, Deborah, as trustee, filed her first and final account and a petition for instructions regarding joint tenancy accounts excluded from the trust (the accounting petition). In September 2020, William and Michael filed the operative second amended petition against Deborah, individually and as trustee, for breach of fiduciary duty, declaratory relief concerning ownership of bank accounts, conversion, removal of the trustee, and an accounting (the removal petition). A bench trial was held on both petitions beginning in May 2023.

On September 18, 2023, the trial court issued an extensive final statement of decision on the accounting and removal petitions. The trial court gave the parties guidance on the issue of attorney fees and a briefing schedule for Deborah to file a

---

[1] Because the parties share the same last name, they will be referred to individually by their first names for ease of reference.

2

supplement with her request for attorney fees.  The court stated, "In all other respects, the Court grants the Accounting Petition and approves Deborah's account, report and acts.  Deborah is authorized to retain all reserve funds until resolution of the attorneys' fees, at which point Deborah is authorized to distribute any remaining Trust assets to Bill and Michael, individually.  Deborah is to prepare an order consistent with this Final Statement of Decision.  [¶] It is so ordered."

On October 17, 2023, William and Michael filed a notice of appeal purporting to appeal from the statement of decision.

A minute order dated January 9, 2024, reflects that the trial court granted Deborah's request for attorney fees to be paid from the trust in connection with trust administration, but not for litigation over assets that she successfully argued were not part of the trust.

Deborah submitted an order to the trial court on January 17, 2024, reciting the dates of the trial and stating that the accounting petition was granted in part pursuant to the final statement of decision dated September 18, 2023, which was attached thereto and incorporated by reference.  According to the parties' briefs on appeal, William and Michael objected to this order and no further action was taken.

## DISCUSSION

William and Michael contend that the statement of decision was an order under Code of Civil Procedure section 1003, and appealable under Code of Civil Procedure section 904.1, subdivision (a)(10), based on Probate Code section 1304.  This analysis is incorrect.

3

The statement of decision is "an order" under Code of Civil Procedure section 1003, which provides that every direction by the court in writing that is not included in a judgment is considered "an order."

Code of Civil Procedure section 904.1, subdivision (a)(10) provides that an appeal may be taken "[f]rom an order made appealable by the Probate Code . . . ."

But Probate Code section 1304 provides that with respect to a trust, only certain "final" orders made under specified chapters are appealable. As explained below, the statement of decision here does not constitute an appealable final order.

It is well established that the appealability of a ruling in a trust dispute is governed exclusively by the Probate Code. (*Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575.) "[I]t is well established that a probate order's appealability is determined not from its form, but from its legal effect. [Citations.] An order is appealable, even if not mentioned in the Probate Code as appealable, if it has the same effect as an order the Probate Code expressly makes appealable." (*Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.)

In this case, the September 18, 2023 statement of decision is clearly not a final order, and therefore, not appealable. The trial court expressly directed Deborah to prepare an order consistent with the statement of decision. (See *Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 6 [order had no express declaration of parties' ultimate rights, and by directing judgment "forthwith," contemplated further, separate instrument].) While Deborah submitted an order for consideration, William and Michael objected to it and no order was ever entered. Accordingly, we have only a nonappealable

4

statement of decision granting Deborah's petition.  The statutory prerequisite for appellate review is absent.

## DISPOSITION

The appeal from the September 18, 2023 statement of decision is dismissed.  Respondent Deborah Robinson is awarded her costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.

5